RAILROAD NATIONAL BANK *vs.* CITY OF LOWELL.

A city treasurer told a bank with which he kept his account as treasurer, that he had authority from the city to borrow, and desired to overdraw his account. He did overdraw, put the money into a drawer with money of the city, and paid out the greater part of it for the city's debts. He had no authority to borrow, and was at the time a defaulter to the city to an amount larger than that drawn from the bank. *Held*, that the bank could not recover from the city the amount overdrawn.

CONTRACT to recover $3397 as money had and received to the plaintiffs' use. The case was submitted to the judgment of this court on the following statement of facts :

In 1864 Thomas G. Gerrish was chosen treasurer of the defendants, held the office by successive annual elections, and discharged the duties thereof until after March 10, 1869. During all this time he, as treasurer, had an account with the plaintiffs and with no other bank, under an arrangement between the parties that the accounts of the defendants should be kept there. In each of the years 1865, 1866, 1867 and 1868, the city council authorized him to borrow money of the plaintiffs in anticipation of the collection of taxes, and the sums so borrowed were always repaid with interest. In March 1869, Gerrish was a defaulter to the defendants as treasurer, to the amount of $30,000, but the fact was unknown to the parties to this action, and on the evening of March 9 a resolution, authorizing him to borrow $130,000 from the plaintiffs, in anticipation of the collection of taxes for that year, was introduced into the common council, read once, and ordered to a second reading.

On the morning of March 10, 1869, at which time the amount standing to the credit of Gerrish as treasurer, in the plaintiffs hands, was $2674, he stated to the plaintiffs' cashier that the necessary authority to borrow money had been granted the even

ing before, that the papers were not executed, and that he wished to overdraw his account. He therefore, without the knowledge of the defendants, or any especial authority from them, presented to the plaintiffs a check signed by himself as city treasurer, payable to his own order, and indorsed by him, for $5000, received the money therefor from the plaintiffs, placed the same in the cash-drawer where he kept the defendants' money, with " a small sum, exceeding $100," remaining there after the business of the preceding day; and from the money there he paid during the same day, to various creditors of the defendants, upwards of $4900. The rest of it was left there, and came into the possession of the defendants. He afterwards on the same day drew another check upon the plaintiffs, signed by himself as city treasurer, payable to bearer, for $1072, to pay a debt due from the defendants to a gaslight company, which check was presented to the plaintiffs by the company and paid on the same day.

On March 11, 1869, Gerrish resigned his office. He never kept a private account with the plaintiffs. Demand was made on the defendants on March 12, 1869.

*C. Allen & F. W. Kittredge,* for the plaintiffs.

*T. H. Sweetser & J. F. McEvoy,* for the defendants.

WELLS, J. That the city is not liable for the money as a loan, because it was advanced to its treasurer or paid upon his checks, is fully settled by the decisions in *Lowell Five Cents Savings Bank* v. *Winchester,* 8 Allen, 109; *Benoit* v. *Conway,* 10 Allen, 528; and *Dickinson* v. *Conway,* 12 Allen, 487.

It was also decided in *Kelley* v. *Lindsey,* 7 Gray, 287, that money advanced on account of the defendant to one in his employ, but who had no authority to borrow money for him, created no debt against the defendant, although advanced for the purpose of being expended in his business and to pay his debts, and actually so applied. That decision appears to us to be conclusive against the plaintiff in this case.

In *Dill* v. *Wareham,* 7 Met. 438, cited by the plaintiff, the money was paid into the treasury of the town in pursuance of a contract made by authority of a vote of the town.

In *Atlantic Bank* v. *Merchants' Bank*, 10 Gray, 532, and *Skinner* v. *Merchants' Bank*, 4 Allen, 290, the money came into the actual possession and control of the defendant bank. The legal possession of money received by the officers of a bank, in the usual mode, is in the corporation, and not in the officers in whose charge and manual control it is intrusted. *Commonwealth* v. *Tuckerman*, 10 Gray, 173.

The treasurer of a city or town is an independent accounting officer, by statute made the depositary of the moneys of the city or town. Gen. Sts. c. 18, §§ 54, 59 ; c. 19, § 2. The legal possession of the specific moneys in his hands, from whatever source, is in him. *Hancock* v. *Hazzard*, 12 Cush. 112. *Coleraine* v. *Bell*, 9 Met. 499. All moneys of the city or town he holds as its property, and exclusively for its use. But he holds them by virtue of his public official authority and duty, and not merely as the agent or servant of a corporation.

The fact that the money in this case went into the hands of the treasurer, and was placed in the drawer provided by the city for his use in keeping the funds of the city, is not enough to charge the defendant with liability.

The result is, therefore, that the defendant is entitled to judgment.