INHABITANTS OF EGREMONT *vs.* JOSEPH A. BENJAMIN & others.

Berkshire. Sept. 12, 1877. — July 17, 1878. ENDICOTT & LORD, JJ., absent.

Although the sureties on the bond of a town treasurer are not liable for any default on his part which occurred during a previous term of office, where the bond recites that he has been chosen for the current year, and contains the condition merely that he shall faithfully discharge the legal duties of his office, yet if the treasurer, at the beginning of the year for which the bond was given, reports a balance due from him for the preceding year, and subsequently charges himself with amounts collected by him during the year, and credits himself with money paid by him on account of the town, such credits, in an action against the sureties on the bond, may first be applied to the payment of the balance due at the beginning of the year, although the treasurer had, prior to that time, converted such money to his own use.

In an action against the sureties on a bond given by a town treasurer for the faithful discharge of his official duties, it was admitted that there was a breach of the bond, and that execution should issue for a certain amount. The defendants contended that a certain other amount should not be included in the execution, because there had been no formal demand on the treasurer before bringing the action. It appeared that the town, at the expiration of the treasurer's term of office, appointed a committee to settle with him; that such committee made a report to the town, showing a certain balance due from the treasurer, which report was accepted; and that the treasurer turned over his official books and accounts and a sum of money to his successor. *Held*, that the unpaid balance in the hands of the officer was due immediately on the expiration of his term of office; and that no formal demand on the part of the town was necessary.

CONTRACT on a bond, for $10,000, signed by the first named defendant as principal, and the others as sureties, dated March 29, 1875, and containing the following condition: "The condition of this obligation is such that whereas the said Joseph A. Benjamin has been chosen treasurer and collector of taxes for

said town of Egremont for the current year, and accepted said offices, and been duly sworn to the faithful discharge of the duties thereof respectively; now if the said Joseph A. Benjamin shall, as treasurer and collector as aforesaid, faithfully collect, account for and pay over all the taxes he shall be legally required to collect, and also faithfully discharge all other legal duties of said offices, then this obligation shall be void, otherwise to remain in full force and virtue." Writ dated May 18, 1876. Trial in the Superior Court, without a jury, before *Bacon, J.*, who allowed a bill of exceptions in substance as follows:

It was admitted that there had been a breach of the bond, owing to the failure of the defendant Benjamin, as collector of taxes, to pay to the treasurer of the county of Berkshire the sum of $1102.94, as directed by the assessors of the plaintiff town, in their warrant to him as collector of taxes; and that judgment should be entered for the plaintiff for the penalty of the bond, and execution awarded for the damages growing out of that breach.

It appeared that Benjamin, who died in 1876, after the commencement of the suit, had held for several years prior to March 29, 1875, the offices of treasurer and collector of taxes, and had given bonds with sureties, other than those on the bond in suit, for the faithful discharge of his official duties in those years; that at the annual town meeting on March 29, 1875, Benjamin reported to the town the condition of the treasury for the year ending on that day, showing a balance due from him as treasurer of $797.12; and, as the first item of his account as treasurer for 1875, charged himself with this balance, and then with various sums received during the year, and with the whole amount of taxes committed to him as collector for 1875, except the county tax, and credited himself from time to time with money paid by him on orders drawn by the selectmen, to an amount of between $3000 and $4000.

The sureties offered evidence tending to prove that on March 29, 1875, Benjamin had not, in fact, in his hands as treasurer, the sum of $797.12, even though he ought to have had that sum in his hands as a balance due from him, as treasurer, to the town; but that he had, prior to that day, mingled it with his own moneys, using it and converting it to his own business. But

the judge held that it would not be competent to find, upon the evidence offered, a misappropriation of the money previous to March 29, 1875, and ruled that the evidence was immaterial.

At the annual town meeting on March 20, 1876, a committee was appointed to settle with Benjamin as treasurer. This committee reported at an adjourned meeting held on April 10, 1876, and their report, which showed a balance due from Benjamin, was accepted by the town. On the following day, Benjamin handed over to his successor in the office of treasurer the tax lists of 1874 and 1875, in each of which there were uncollected taxes, and also his account book as treasurer, and paid to his successor the sum of $64.

The defendants asked the judge to rule as follows :

"1. The sureties of Benjamin, as treasurer for the year 1875, are liable only for moneys that were in his hands as treasurer on March 29, 1875, or received by him as treasurer subsequently thereto; but they are not liable for moneys reported by him on March 29, 1875, as in his hands as treasurer, but which in fact had been converted to his own use, and not actually in his hands on that day.

"2. If Benjamin did not keep the money of the town separate from his private funds, but allowed the moneys officially received to be mingled with his private funds, and to be used in his private business, such mingling and use would be a conversion of the public funds, and the sureties for 1875 would not be responsible for moneys so converted prior to March 29, 1875.

"3. In order to maintain this action for moneys in the hands of Benjamin as treasurer, a demand on Benjamin should have been made before suit; and if no such demand was made, then the amount in his hands as treasurer should not be included in the amount of damages for which execution should issue in this case."

But the judge refused to rule as requested; ruled that a demand was not necessary, and ordered an execution to issue in the sum of $2953.99, which sum included damages for the non-payment of the county tax, and moneys due from Benjamin as treasurer, including the sum of $797.12. The defendants alleged exceptions.

*M. Wilcox*, for the defendants.

*J. Dewey*, for the plaintiff.

SOULE, J.   The sureties on the bond of an officer, which re-cites that he has been chosen "for the current year," with con-dition merely that he "shall faithfully collect, account for and pay over all the taxes he shall be legally required to collect, and also faithfully discharge all other legal duties of said offices," are not liable for any failure of duty which occurred during a term of office previous to that for which the bond is given, nor for any default or misfeasance in any subsequent term for which the principal may be elected.   *Lexington & West Cambridge Rail-road* v. *Elwell*, 8 Allen, 371.   *Amherst Bank* v. *Root*, 2 Met. 522.

If, however, such officer applies moneys, received during the term covered by the bond, to the payment of arrearages of a pre-vious term, and the corporation, municipal or trading, whose ser-vant he is, receives such moneys in good faith, without knowl-edge of any purpose on his part to defraud the sureties on his bond, such sureties are liable for the deficiency in the funds of the year covered by the bond, which results from such applica-tion of the moneys received.   And when moneys are paid to the corporation by an officer with whom is an open account, running back into a previous term, and he makes no application of the payment to a particular part of his debt, such payment goes to the extinguishment of the earliest items.   *Colerain* v. *Bell*, 9 Met. 499.   *Sandwich* v. *Fish*, 2 Gray, 298.   *Gwynne* v. *Bur-nell*, 6 Bing. N. C. 453.   *Attorney General* v. *Manderson*, 12 Jur. 383.

In the case at bar, it appears that the defendant Benjamin, the treasurer and collector of the town, made a report at the meeting of March 29, 1875, showing a balance due from him, as treasurer, to the town, of $797.12, and that the first entry in his account as treasurer, for the year covered by the bond in suit, was a charge to himself of that balance.   In the absence of proof to the contrary, it is to be presumed that he had that amount of money on hand, subject to the call of the town, and that no objection exists to the charge going into his account.   It is contended, however, that the judge, who tried the case with-out a jury, ought to have excluded this balance in making up the amount for which execution should be awarded against the sureties on the bond, on the ground that, under the evidence

offered, they were entitled to a ruling that, as to this balance, the treasurer had become a defaulter during the previous fiscal year, and had not had the moneys represented by that balance in his hands since their bond was executed. The evidence offered tended to prove that he had not the money in hand, as money set apart for the town, but had mingled it with his own moneys, and had used it and converted it to his own business. It is apparent that the treasurer had not been wont to deposit moneys received by him officially with a bank, to the credit of the town, and to draw, as treasurer, against such deposit, in order to make the payments required of him from time to time, but had simply kept an account between himself and the town, which showed the amount due from him at all times. For that amount he was a debtor merely, bound to pay it over whenever it should be called for in due course of business during his term of office, and, at the expiration of his term, to pay it to his successor. He was not a bailee of the moneys received, but an accountant, bound to pay over an amount equal to what he had received, precisely as a collector of taxes is a debtor and accountant, bound to pay to the treasurer the moneys which he receives. *Hancock* v. *Hazzard*, 12 Cush. 112. The liability of the sureties for the amount of the balance due March 29, 1875, is not determined by the manner in which the treasurer had used the moneys represented by that balance, but by the fact that he had used the moneys subsequently received in payment of that balance, under such circumstances that they were, as between him and the town, applicable to the extinguishment of the earliest items of the account between him and the town, according to the doctrine of the cases above cited. The evidence offered as to his previous use of the money received before March 29, 1875, was therefore immaterial, and the rulings asked for, based on that evidence, were properly refused.

It is conceded that the plaintiff is entitled to judgment, and to execution for the amount of the county tax; but the defendants insist that there was no breach as to any other moneys contended for in the suit, because no demand was made on Benjamin before suit was begun. It appears that the term of office for which the bond was given had expired, that a committee was appointed to settle with Benjamin, and made a report to the

town, which was accepted, after which Benjamin turned over the tax lists of 1874 and 1875 to his successor, and made a small cash payment. Under these circumstances, no formal demand of payment was necessary. The unpaid balance in the hands of Benjamin was due presently on the expiration of his term of office. It was his duty to pay it over to his successor without formal demand. Moreover, the attempt at settlement through the committee of the town might well be regarded as the equivalent of a formal demand of payment. It is to be remembered that the question now under consideration does not go to the maintenance of the action, nor depend on the pleadings. It is conceded that judgment is to go for the plaintiff for the penalty of the bond. The question is only as to the amount for which execution is to issue. The amount insisted on by the plaintiff was clearly due from Benjamin, and should be included in the execution, unless there is good equitable reason to the contrary. *Hatch* v. *Attleborough*, 97 Mass. 533. Such reason we fail to find.                    *Exceptions overruled.*