SAMUEL OTIS and another vs. THE INHABITANTS OF STOCKTON.

Waldo. Opinion December 15, 1884.

*Towns. Money had and received. Ratification.*

An action for money had and received does not lie against a town for money loaned to its officers upon the supposed credit of the town, but without its authority, although the money be applied to the debts and liabilities of the town, unless the town make the act valid by its subsequent sanction and consent.

There, ordinarily, must be something more than mere silence on the part of the town to create ratification. That fact connected with other facts may become material. The doctrine of assent by silence does not apply so strongly to municipal as to business corporations or to individuals.

ON REPORT.

Assumpsit for money had and received to recover the amount of three town orders of one thousand dollars each, dated November 17, 1877, signed by the selectmen of the town and accepted by the treasurer, upon which one year's interest had been paid. The orders were given to Isaac S. Staples for money loaned, and endorsed by Staples to the plaintiffs.

The plaintiffs admitted that the selectmen had no authority to hire the money, and that the town had not ratified the orders nor the payment of the interest thereon; but offered to prove that the money hired was appropriated to pay the legitimate debts of the town by the chairman of the selectmen.

The writ was dated September 17, 1881, and the plea was the general issue.

*William H. Fogler*, for the plaintiffs, cited: *Billings* v. *Monmouth*, 72 Maine, 174; *Belfast National Bank* v. *Stockton*, 72 Maine, 522.

In the former case the court say there is no reason to excuse a town from refunding money when it has actually been appropriated to the payment of the legal liabilities of the town. " It is," says the court, "the payment of the lawful debts of the town by

its own agents with the plaintiff's money which · constitutes the cause of action." In that case the plaintiff, by showing such an appropriation of his money, was declared to be entitled to a verdict, although "the testimony tending to show authority and ratification was weighed and found wanting."

The only limitation of this doctrine in *Bank* v. *Stockton*, is that the rule applies to cases "where there was in fact and in law a payment of the debt of the town by the use of the money hired without authority when the debt was discharged not only in form but in effect."

In the case at bar the plaintiffs offered to prove that the money hired of Staples was appropriated by the chairman of the selectmen to the *payment* of the legitimate debts of the town. And the admission was that the town had not ratified the orders, not that the town had not ratified the payment of its debts by the money hired.

*A. P. Gould* and *Joseph Williamson*, for the defendants.

PETERS, C. J. Although the question was not so distinctly presented in some of the earlier of this class of cases, it is now well settled that an action for money had and received will not lie against a town for money loaned to its officers upon the supposed credit of the town, but without the authority of the town, although the money be applied to the payment of the debts and liabilities of the town, unless the town make the act valid by its subsequent sanction and consent. If there be no precedent authority for the action of the town officers, it must be affirmatively proved that the town has subsequently approved and ratified their acts. Any other doctrine fails to extend to municipal corporations the privileges and immunities that are accorded by the law to any and all other classes of contracting parties. It might be subversive of municipal prosperity and of all orderly administration in municipal affairs, if town officers had the power to transform the town's contracts of indebtedness, in the particulars of time and place of payment, rate of interest, · and the persons to whom payable, as they pleased. It is not perceived why such a power might not be exercised, if at all, to

the extent of transforming an indebtedness upon a long term of years into an immediate liability. It is admitted that the town has not ratified the orders, and there being in the case no evidence of any ratification of the act of borrowing or of appropriating the money, the action cannot be maintained.

The learned counsel for the plaintiff contends that the town has ratified the claim of the lender as a claim for money had and received. But how? The case shows no act done directly or indirectly. Just the simple fact appears, (taking the offer to prove as proof), that the money was appropriated to the payment of the legitimate debts of the town. Stress is placed upon the word "payment," used in the offer. But that does not imply in this connection any act of the town. If the town had done anything affecting the question it would have been specifically shown. Payment here means an application or appropriation of the money, not by the town, but by the officers of the town, acting without authority. Their act is not the act of the town. There must be some act of the town. The mere acts of others do not bind the town.

The contention of the plaintiff is, virtually, that the town, by not expressly repudiating the unauthorized acts of its officers, thereby accepts their acts. That is to say, if the town takes no steps either to accept or deny, it accepts. Inaction is action. This position, if a correct one, would require a town meeting, every time an officer undertakes to impose an unauthorized liability upon the town, to enable the town to prevent ratification. There must be something more than mere silence upon the part of the town to create an estoppel. Of course, that fact in connection with other facts may become material. There may be occasions when a town should act or speak, or when it does speak by the force of circumstances. The doctrine of assent by silence does not apply so strongly to municipal corporations as to business corporations and individuals. The latter can act readily, while the former act upon formal occasions and in public meetings, in all unusual matters. It would be difficult to formulate any general rule or definition of corporate ratification. It must largely depend upon the facts peculiar to the individual

case.    Here no circumstances or particulars are disclosed. There is no evidence of ratification.   *Lincoln* v. *Stockton,* 75 Maine, 141; *Agawam Bank* v. *South Hadley,* 128 Mass. 503.

It becomes unnecessary to consider the other point presented by the case.

*Plaintiff's nonsuit.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.