## MUNICIPAL SIGNAL COMPANY *vs.* CITY OF HOLYOKE.

Suffolk.    January 25, 26, 1897. — February 26, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*City — Contract — Vote of Council — Authority of Committee.*

A city council passed a vote, purporting to authorize a committee to advertise for bids and to award the contract for the equipping of the city with a system of electric signals. The committee advertised for bids, and passed a vote to award the contract to A., who was the lowest bidder, "providing that the city government provide the committee with" a sum named "to purchase the system," and made a report to that effect, which was accepted by both branches of the city council. *Held,* in an action by A. against the city for breach of the alleged contract, that the power of the committee was exhausted by its action; and that, the city government never having provided the sum to purchase the system, no contract was made by the vote.

CONTRACT, for breach of an alleged contract for the equipping of the defendant city with a system of electric signals. Trial in the Superior Court, before *Hopkins*, J., who ruled that the plaintiff was not entitled to recover; ordered the jury to return a verdict for the defendant; and, at the plaintiff's request, reported the case for the determination of this court. If the plaintiff was entitled to go to the jury, a new trial was to be ordered; otherwise, judgment was to be entered for the defendant. The facts sufficiently appear in the opinion.

*W. A. Hayes & H. H. Baker,* for the plaintiff.

*J. Fox,* for the defendant.

HOLMES, J.    This is an action for breach of an alleged contract for the equipping of the defendant city with a system of electric signals. See *Steele v. Municipal Signal Co.* 160 Mass. 36. It is not necessary to consider all the objections which would have to be answered before the plaintiff could prevail. A vote was passed by the city council, purporting to authorize the committee on police to advertise for bids, and to award the contract. The vote does not appear to have been a two thirds vote, and if it purported to authorize the creation of a debt, the debt was not for current expenses, payable out of current revenues, as in *Smith v. Dedham,* 144 Mass. 177, 180.    See Pub. Sts.

c. 29, § 7; *Agawam National Bank* v. *South Hadley*, 128 Mass. 503. The committee advertised for bids, and passed a vote not communicated to the plaintiff to award the contract to the plaintiff, which was the lowest bidder, " providing that the city government provide the committee with ten thousand dollars to purchase the system," and made a report to that effect, which was accepted by both branches of the city council. By the joint rules and orders of the city council all questions involving parliamentary law, not expressly provided for, shall be decided by Cushing's Manual of Parliamentary Practice. By § 290 of that book, " The report of a committee being made and received, the committee is dissolved, and can act no more without a new power." Under the foregoing rules, or without them, the power of the committee was exhausted by the action recited above. No contract was made by the vote, if for no other reason, because the city government never did provide the sum to purchase the system. It is unnecessary to examine the subsequent transactions, by which two of the committee undertook to bind the city in the absence of the third member after their powers were at an end.                    *Judgment for the defendant.*