## CITY OF NEWBURYPORT *vs.* GUY M. SPEAR.

## SAME *vs.* WILSON W. FAY.

Suffolk. November 11, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Report by judge. *Municipal Corporations. Bills and Notes. Contract,* Implied in law.

Where a case comes before this court by the report of a trial judge and it is stated in the report that the facts therein recited "appeared in evidence," such facts must be treated as agreed to by both parties, and the trial judge must be held to have been justified in making rulings of law upon them accordingly.

A city may maintain an action for money had and received to recover the amount of the proceeds of a check drawn without authority on a bank account of the city by the city treasurer payable to himself personally and indorsed by him in blank and received by the defendant in payment of a personal debt of the treasurer.

Where a dishonest city treasurer pays a personal debt with a check drawn without authority by him as city treasurer upon a bank account of the city, and the check is paid by the bank on which it is drawn, *whether* in an action by the city against the person to whom the check was paid for money had and received, the defendant can defeat the action by showing that the check was paid by the bank improperly, and that therefore the city has not lost its money because the bank still is liable to the city for it, here was not passed upon, because it appeared that the check was presented to the bank in regular form without any notice of illegality and the bank was justified in paying it.

An ordinance of a city providing that "no money shall be drawn out of the city treasury, except on the written order of the mayor, addressed to the treasurer and countersigned by the city clerk," has no reference to the form of the checks to be used by the city treasurer in drawing money of the city from a bank in which it is deposited, but only regulates the conduct of the treasurer in making payments from the treasury whether by check or otherwise.

Where the charter of a city contains nothing different from the general law in regard to the duties of the city treasurer, that officer by virtue of his official authority can control the custody of the money of the city, and for this purpose can draw it from one bank and deposit in another, so that the fact that he draws a check upon the account of the city in a bank is not notice to that bank that a payment is being made without authority.

There is nothing in the fact that a city treasurer has drawn a check payable to himself personally upon the account of the city in a bank and has indorsed it in blank, to indicate to the bank that the check was not delivered in payment of an approved debt of the city.

In an action by a city for money had and received, to recover the proceeds of a check drawn without authority on a bank account of the city by the city treasurer made payable to himself personally and indorsed by him and received

by the defendant in payment of a personal debt of the treasurer, it is no defense that the defendant after receiving the money paid it to others, retaining only the amount of a commission.

Two ACTIONS OF CONTRACT by the city of Newburyport for money had and received, against different defendants, who received from one Felker, a former city treasurer of the plaintiff, checks drawn without authority upon a bank account of the city by Felker as city treasurer, payable to himself personally and indorsed by him in blank. Writs dated June 30 and June 19, 1906.

In the Superior Court the cases were tried together before *Fox*, J., who refused to make certain rulings requested by the defendants, and ordered the jury to return a verdict for the plaintiff in each of the cases, in the action against Spear in the sum of $5,259.91, with interest, and in the action against Fay in the sum of $3,160.73, with interest. The defendant in each of the cases alleged exceptions, raising the questions which are disposed of in the opinion.

*G. C. Coit*, for the defendant Spear.

*E. E. Elder*, for the defendant Fay.

*R. G. Dodge*, (*C. W. Blood* with him,) for the plaintiff.

KNOWLTON, C. J. These are two actions, depending upon similar facts, to recover for money had and received by the several defendants to the plaintiff's use. They grow out of the embezzlement of the plaintiff's moneys from time to time by its city treasurer, as it is shown in *Newburyport* v. *Fidelity Ins. Co.* 197 Mass. 596. The principal difference between the facts of that case and the facts of the present case is that in that case the checks were made payable to the order of the defendant's cashier, while in the present cases they were made payable to the order of James V. Felker, who was the city treasurer, who signed the checks in his official capacity. In all the cases the checks appear on their face to be drawn on the account of the plaintiff city by its official representative, and they were received by the defendant in payment of a personal debt of the treasurer, and afterwards deposited in the defendant's bank account and collected in the usual way. The cases come to us on a report in which it is stated that the facts afterwards recited " appeared in evidence." These facts must be treated as agreed

to by both parties, and the judge was justified in making rulings of law upon them accordingly. In each case he directed a verdict for the plaintiff, refusing numerous requests for rulings presented by the defendants. It will not be necessary to consider these requests in detail, if we find that the plaintiff was entitled as matter of law to recover upon the undisputed facts. Each defendant received checks drawn upon the plaintiff's bank account, which were in form payable from this account, were expected to be paid from it and were in fact paid from it, the defendant receiving the proceeds. As these were taken in payment of a personal debt of the treasurer, the defendant is chargeable for money had and received, under the decision above cited, which fully covers this part of the case. The proper interpretation of the statement that "the defendant received the checks, deposited them in his bank account, and they were paid by the banks upon which they were drawn," is that the money was collected for the defendant in each case through the bank which received the checks on deposit for that purpose.

The defendants contend that the bank could not legally pay the checks, and that the plaintiff's money in the bank was not diminished by the payment, and the plaintiff was not damaged, as the bank is still accountable for the deposit as if the checks had not been drawn. This contention rests upon the view that if the bank could not properly make the payment, the plaintiff could not treat it as having passed the money to the defendants, and cannot maintain an action against them for money had and received. This view is combated by the plaintiff, which contends that, even if the payment was made by the bank without authority, the plaintiff still may elect to follow the money. In support of this doctrine it cites *Van Dyke* v. *State*, 24 Ala. 81, *Whitton* v. *Barringer*, 67 Ill. 551, and Bolles' Modern Law of Banking, 614, 615.

We do not find it necessary to pass upon this question, for we are of opinion that, upon the facts before us, it does not appear that the payment by the bank was made improperly. On this point the defendants contend, first, that these checks were made without authority, and should be treated as if the signature of the drawer had been forged. They rely upon an ordinance of

the city, providing that "no money shall be drawn out of the city treasury, except on the written order of the mayor, addressed to the treasurer and countersigned by the city clerk." We do not understand this ordinance as having any reference to the form of the check to be used by the treasurer in drawing money from the bank, but only to the regulation of his conduct in making payments from the treasury, whether by check or otherwise. It is to be remembered that a treasurer is a public officer who has the custody of the moneys of the city and gives a bond with sureties for their security. In the language of Mr. Justice Wells in *Railroad National Bank* v. *Lowell,* 109 Mass. 214, 216, "The treasurer of a city or town is an independent accounting officer, by statute made a depositary of the moneys of the city or town. Gen. Sts. c. 18, §§ 54, 59; c. 19, § 2. The legal possession of the specific moneys in his hands, from whatever source, is in him. *Hancock* v. *Hazzard,* 12 Cush. 112. *Colerain* v. *Bell,* 9 Met. 499. All moneys of the city or town he holds as its property, and exclusively for its use. But he holds them by virtue of his public official authority and duty, and not merely as the agent or servant of a corporation." See also *Egremont* v. *Benjamin,* 125 Mass. 15, 19.

The charter of the city of Newburyport (St. 1851, c. 296, § 8) which provides for the election of the city treasurer, contains nothing different from the general law in regard to his duties. We have discovered no different provision in any amendment of the charter. The provision in the same section that "the city council shall take care that money shall not be paid by the treasurer unless granted or appropriated," relates to payments such as are referred to in the ordinance, and does not assume to interfere with the custody of the money by the treasurer. It is said in the statement of facts in *Newburyport* v. *Fidelity Ins. Co., ubi supra,* that "these bank accounts were established under the authority of the city, and the form of the checks likewise was adopted by the authority of the city." But there is nothing to show that the form of the checks requires the signature of the mayor or city clerk upon them, and, in the absence of anything to the contrary, it must be assumed that, by virtue of his official authority the treasurer could control the custody of the money and draw necessary checks for that pur-

pose. So far as appears, he might have drawn all the money from one bank and might have deposited it in another bank. That the checks did not bear evidence on their face that a payment had been authorized in writing by the mayor, on a paper countersigned by the city clerk, was not notice to the bank that they should not be paid.

Nor was the fact that the checks were payable to the order of the city treasurer, and indorsed by him, such notice. This was expressly held in *Goodwin* v. *American National Bank*, 48 Conn. 550, in these words: "The law will not charge the officers of a bank with knowledge that a depositor has committed a fraud, nor impose upon them the duty of inquiry, because he has drawn upon a treasurer's account checks payable to himself or to bearer, or has transferred money from it to his own and from his own to it. They are not required to assume the hazard of correctly reading in each check the purpose of the drawer." See also *Walker* v. *Manhattan Bank*, 25 Fed. Rep. 247, 255; *Gray* v. *Johnston*, 3 H. L. Cas. 1, 14. A check in that form is equivalent to one payable to bearer. It is not an unusual form of making a check for a legitimate payment. There was nothing in this form to indicate that it was not delivered in payment of an approved debt of the city. Beyond that, there was nothing to inform the bank to whom or for what purpose it was issued. In the absence of suspicious circumstances the bank had no duty to concern itself with that subject. The presumption is that its arrangement with the treasurer, the official custodian of the city's moneys, was to pay checks drawn in the form which he was using, without reference to the person to whom they were made payable, so long as there was nothing to indicate that they were not given for a proper purpose. *Gray* v. *Johnston*, 3 H. L. Cas. 1, 14. Upon the facts in this report, there is nothing to show that the bank was liable to the plaintiff for an unauthorized payment of any of these checks, or that there is any reason why the defendants should not be accountable for the money which they received with notice that it was paid improperly.

The defense that the defendants were not liable, because they paid the money to others and retained none of it except the amount of their commissions, is not well founded. This also is

covered by the decision in *Newburyport* v. *Fidelity Ins. Co.* 197 Mass. 596, 603.    See also *Rochester & Charlotte Turnpike Road Co.* v. *Paviour*, 164 N. Y. 281; *Beard* v. *Milmine*, 88 Fed. Rep. 868; *S. C. Lamson* v. *Beard*, 94 Fed. Rep. 30; *Anderson* v. *Kissam*, 35 Fed. Rep. 699; *Park Hotel Co.* v. *Fourth National Bank of St. Louis*, 86 Fed. Rep. 742.

*Judgment on the verdicts.*