CITY OF LOWELL *vs.* ANDREW G. STILES.

SAME *vs.* AMERICAN SURETY COMPANY OF NEW YORK.

SAME *vs.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

SAME *vs.* NATIONAL SURETY COMPANY.

Middlesex.   January 7, 1919. — March 1, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Municipal Corporations,* Officers and Agents.   *Bond.   Lowell.   Interest.*

The treasurer and collector of taxes of the city of Lowell, who under St. 1911, c. 645, § 46, and previously under R. L. c. 25, § 72, c. 26, § 2, in each year has given a bond with sureties for the faithful performance of his duties, performs his full duty when he accounts for all moneys that have come to him as treasurer

or collector of taxes, including any accumulation by way of interest, and he is not required to put out the money of the city at interest.

Accordingly he and the sureties on his bonds are not liable because he deposited funds of the city in a trust company without making any express agreement as to the amount of interest to be paid on the daily balance of the account and without any inquiry "as to how or at what rate it was computed," but accepted the amount of interest credited on the account and received no interest on a deposit made by him called a "temporary loan account."

There is nothing in the general law nor in the charter of the city of Lowell that requires the treasurer and tax collector of that city to call for bids from banks and trust companies on municipal deposits before depositing money of the city in a trust company.

FOUR ACTIONS OF CONTRACT by the city of Lowell, respectively against the former treasurer and collector of taxes of the plaintiff and three several sureties on different official bonds given by him for the year 1902 and for each of the years from 1904 to 1916, inclusive, alleging breaches of the several bonds by the defendant Stiles in failing to collect from the Lowell Trust Company, a corporation, the amount of interest which he should have received on deposits of money of the plaintiff. Writs dated March 31, 1917.

In the Superior Court the case was heard by *Morton, J.,* who made the findings of fact that are stated in the opinion and at the request of the parties reported the case under St. 1917, c. 345, for determination by this court, without making any decision thereon.

*W. D. Regan,* for the plaintiff.

*A. S. Howard,* for the defendants.

BRALEY, J. The defendant Stiles hereinafter referred to as the defendant, having been duly elected treasurer and collector of taxes of the plaintiff for the year 1902, and for the years 1904 to 1916, gave in each year a bond to the city for the faithful performance of his duties, the material condition of which required him well and faithfully to perform and discharge the duties of said offices during the term for which he had been elected. We assume that before the enactment of St. 1911, c. 645, which is the city charter, the respective bonds were given as required by R. L. c. 25, § 72, incorporated by reference and made part of R. L. c. 26, § 2. But after the charter became operative, subsequent bonds were given under St. 1911, c. 645, § 46, which in regard to the treasurer is the same as R. L. c. 25, § 72. The defendant as treasurer during the entire period became by force of the statute the depositary of the moneys of the

city, which he held as its property and exclusively for its use. *Railroad National Bank* v. *Lowell,* 109 Mass. 214, 216. It is therefore plain that there has been no breach of the bonds unless in the faithful performance of his duties he failed to account for what he received.

The plaintiff does not contend that the defendant has appropriated funds of the city to his own use, but the breach relied on is that he failed "to determine and ascertain the amount due as interest from money deposited by him in a banking institution, and failure to collect the same." The judge found that the defendant deposited the city's funds in the Lowell Trust Company without making any express agreement as to the amount of interest to be paid on the daily balance of the account, and without any inquiry "as to how or at what rate it was computed," he accepted the amount of interest credited on the account. It also appears that during the period covered by each bond the amount of interest paid by the company was less than it would have been if computed without deduction at two per cent on the daily balances, and that a deposit designated as "Temporary Loan Account" was kept on which the city received no interest. But in the proper discharge of his official duties the defendant was not required to put the money at interest, and, having accounted for all moneys received, which included any accumulations by way of interest, he has fully discharged every requirement of his office. *Hancock* v. *Hazzard,* 12 Cush. 112. *Egremont* v. *Benjamin,* 125 Mass. 15. *Newburyport* v. *Spear,* 204 Mass. 146, 149. While the record further states that before the defendant's election and for the purpose of obtaining the business, bids were made and received annually from various banks of the city for the payment of interest on municipal deposits subject to check, neither the general law nor the charter having imposed on the defendant such an obligation, his failure to call for bids was not a violation of any official duty. The principal not being in default the sureties are not liable, and in each case judgment is to be entered for the defendant.

*So ordered.*