Town of Mansfield *vs.* W. Frank Hanaford & another.

Suffolk.    October 23, 1924. — January 12, 1925.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Sanderson, JJ.

*Municipal Corporations*, Officers and agents.  *Bond*, Of town treasurer and tax collector.  *Interest.*

It is no defence to an action by a town against its treasurer and collector of taxes and a surety on a bond given under G. L. c. 41, § 35; c. 60, § 13, and conditioned upon a faithful performance of "all the duties of said office, as required by law," that certain cash, which had been received by the individual defendant as treasurer, while in a safe and vault owned by the town and in an office furnished by the town for the exclusive use of the defendant as a town officer, was stolen therefrom by an unknown person without negligence or fault on the part of the defendant.

Where, at the trial of an action upon the bond above described, it does not appear that any demand was made upon the individual defendant for the funds in question until the action was brought, the plaintiff is entitled to interest only from the date of the writ.

Contract upon a bond given by the treasurer and tax collector of the town of Mansfield as principal and American Surety Company of New York as surety under G. L. c. 41, § 35; c. 60, § 13, conditioned upon a faithful performance by the treasurer and tax collector of "all the duties of said office, as required by law."    Writ dated January 4, 1924.

In the Superior Court, the action was tried before *Hammond*, J.    Material evidence and an offer of proof by the defendant and the order of the trial judge thereon are described in the opinion.    The judge reported the action to this court on the following terms: "If the testimony offered would, if true, constitute a defence to said action, and the court was wrong in excluding the same and therefore in ordering a verdict for the plaintiff, then a new trial is to be ordered.    If, however, the testimony offered would not, if true, constitute a defence to said action, and the court was right in excluding said testimony and in ordering a verdict for the plaintiff, judgment is to be entered upon said verdict and execution is to issue for the amount of $2,086.88 together with such

interest on said principal sum as the Supreme Judicial Court shall determine."

*A. T. Smith,* for the defendants.

*F. W. Fisher,* for the plaintiff.

CROSBY, J.　This is an action against the defendant Hanaford, as principal, and the American Surety Company of New York, as surety, on a bond given by Hanaford to the plaintiff town, of which he was the treasurer and tax collector.　The condition of the bond is as follows: " Now, Therefore, if the said principal shall faithfully perform all the duties of said office, as required by law, then this obligation shall be void: otherwise, it shall be and remain in full force and virtue."

It was admitted by the defendants that Hanaford was treasurer and tax collector of Mansfield from December 16, 1921, to September 1, 1923: that the bond was given to secure the faithful performance by the defendant Hanaford of all the duties of those offices as required by law; that he had received as tax collector and treasurer of the town $2,086.88, which the duties of his office required him to pay to the town if the facts alleged in the defendants' offer of proof did not constitute a defence to this action.

The defendants made an offer of proof in substance as follows: The plaintiff, during the time material to this action, owned a town hall in which the offices of the various town officials were located, and an office was therein furnished for the sole use of the tax collector and treasurer.　In this office there was a vault and a safe, owned by the town, for the exclusive use of Hanaford as tax collector and treasurer. At the close of business on May 16, 1922, he had in his possession as treasurer a large number of checks and $3,500 in cash which he had collected but had not been able in the exercise of due diligence to deposit in a bank; he divided the money, putting part in the safe and the balance in the vault, both of which he locked.　At some time during that night the office was entered, the safe opened, and the money therein, amounting to $2,086.88, stolen by some person unknown to the defendants.　The trial judge excluded the testimony so offered on the ground that it would not be a

defence to the action, and the defendants excepted. The judge then, subject to the defendants' exception, ordered a verdict for the plaintiff for $30,000, the penal sum of the bond; and ordered that execution issue against the defendants in the sum of $2,319.65, the principal ($2,086.88) with interest from May 16, 1922.

The statutory duty of a tax collector requires him, upon receiving a tax list and warrant from the assessors, to collect and pay over such taxes and interest to the town treasurer according to the warrant. .G. L. c. 60, § 2. A town treasurer is required by statute to receive and take charge of all moneys belonging to the town and pay over and account for the same according to the order of its authorized officers. G. L. c. 41, § 35.

The record presents two issues: (1) Is the plaintiff precluded from recovery because the money collected was stolen, without negligence or fault of the defendant Hanaford, from a safe furnished by the plaintiff for his use ? and (2) If the plaintiff is entitled to recover, shall interest be allowed from the date of the loss, from the date Hanaford resigned from his office on September 1, 1923, or from the date of the writ?

It is well settled that a treasurer is a public officer who is required to give bond with sureties for moneys of the town in his custody. It was said in *Railroad National Bank* v. *Lowell,* 109 Mass. 214, at page 216, " The treasurer of a city or town is an independent accounting officer, by statute made the depositary of the moneys of the city or town . . . . The legal possession of the specific moneys in his hands, from whatever source, is in him. *Hancock* v. *Hazzard,* 12 Cush. 112. *Colerain* v. *Bell,* 9 Met. 499. All moneys of the city or town he holds as its property, and exclusively for its use." The law so stated is quoted with approval by Knowlton, C.J., in *Newburyport* v. *Spear,* 204 Mass. 146, at page 149.

The question of the liability of a tax collector and treasurer of a town on his official bond was settled by *Hancock* v. *Hazzard, supra.* In that case the defendant was collector and treasurer of the plaintiff town; he collected money belonging to the town, and while it was in his possession as treasurer, without any negligence on his part, it was stolen

from his dwelling house. In a *per curiam* opinion the court said (page 114) that "A collector of taxes, by accepting the office, takes the risk of the safe-keeping of the money he has actually received. His obligation is not regulated by the law of bailments, and the cases cited to that effect are inapplicable. He is a debtor, an accountant, bound to account for and pay over the money he has collected. The loss of his money, therefore, by theft or otherwise, is no excuse for non-performance; this is founded on the nature of his contract, and considerations of public policy." *Hancock* v. *Hazzard* was the earliest case on the question now before us to be considered in this Commonwealth; it has been cited with approval in later decisions of the court, and in other jurisdictions. *Railroad National Bank* v. *Lowell, supra. Egremont* v. *Benjamin,* 125 Mass. 15, 19. *Agawam National Bank* v. *South Hadley,* 128 Mass. 503, 507. *Boston* v. *Turner,* 201 Mass. 190, 196. *Newburyport* v. *Spear, supra. Lowell* v. *Stiles,* 232 Mass. 341, 343. *Smythe* v. *United States,* 188 U. S. 156, 171. *Tillinghast* v. *Merrill,* 151 N. Y. 135. *Trustees of Village of Bath* v. *McBride,* 219 N. Y. 92. *People* v. *McGrath,* 279 Ill. 550. *Commonwealth* v. *Comly,* 3 Barr, 372. See also Dillon on Mun. Corp., (5th ed.) § 434; *Commissioners* v. *Jones,* 18 Minn. 199; *Halbert* v. *State,* 22 Ind. 125. The conclusion we have reached is not contrary to the decisions of the Supreme Court of the United States. *United States* v. *Prescott,* 3 How. 578. *United States* v. *Thomas,* 15 Wall. 337. *Smythe* v. *United States,* 188 U. S. 156.

We are aware that there are decisions which have reached a different result. *Cumberland Co.* v. *Pennell,* 69 Maine, 357. *Wilson* v. *People,* 19 Col. 199. *State* v. *Gramm,* 7 Wyo. 329.

The fact that an office, with a safe and vault in which to keep moneys collected by Hanaford, was furnished to him by the town does not affect the result. He was not obliged to keep funds in the safe or vault; he could do so or not; he could place them where he saw fit; they were in his possession and were under his sole control and as treasurer he was personally liable for them until he had paid them over according to the order of the authorized officers of the town. *Newburyport* v. *Spear, supra.*

The defendant Hanaford was not required to put the money in his hands at interest; and until demand was made upon him, was not in default or chargeable with interest. *Bank of Brighton* v. *Smith*, 12 Allen, 243, 253. *Lowell* v. *Stiles, supra.* No demand was made until the commencement of this action, and interest ought not to have been allowed before the date of the writ.

In accordance with the terms of the report, judgment is to be entered on the verdict; and execution is to issue for $2,086.88 with interest thereon from the date of the writ.

*So ordered.*