HARRY S. KLEPPER, Respondent, *v.* CLEMENT R. FORD and Others, Appellants.

Supreme Court, Appellate Term, First Department, June 14, 1935.

*Simpson, Thacher & Bartlett [Frederick B. Lee* of counsel], for the appellants.

*A. Lewis Spitzer,* for the respondent.

PER CURIAM. This case is governed by the law of Massachusetts. The only testimony in the case as to the law of that State was offered by a witness for the appellants. He conceded, however, that his views were based on certain cited decisions. The question involved is whether a creditor who takes a corporation's check signed by the debtor, as corporate officer, payable to the debtor's order, indorsed by him in blank and accepted by the creditor in payment of the individual debt of this officer, receives same with notice of the misappropriation of corporate funds. The defendant's witness relied largely on the case of *Fillebrown* v. *Hayward* (190 Mass. 472; 77 N. E. 45). That case appears to hold that such a check does not, of itself, convey notice of misappropriation. It was interpreted as so holding in the later cases of *Johnson & Kettell Co.* v. *Longley Luncheon Co.* (207 Mass. 52; 92 N. E. 1035) and *Childs, Jeffries* v. *Bright* (283 Mass. 283; 186 N. E. 571). Respondent calls attention to the case of *Newburyport* v. *Spear* (204 Mass. 146; 90 N. E. 522). That case involved checks drawn by the treasurer of a municipality to his own order which were used to pay the treasurer's individual obligations. The recipients of such checks were apparently held to have received same with notice of misuse of municipal funds. But the *Newburyport* case was not referred to as altering the rule in the *Fillebrown* case in the two other decisions

above referred to, though these cases were later in point of time than the *Newburyport* case.

Under the circumstances, we feel that the testimony that the *Fillebrown* case was controlling must prevail here, where funds of a private corporation are involved.

Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, LYDON, CALLAHAN and FRANKENTHALER, JJ.