LORENZO PLIMPTON *vs.* ELIZA C. GOODELL.

Worcester.   Oct. 3, 1878. — Jan. 4, 1879.   AMES & SOULE, JJ., absent.

A., a married woman, jointly and severally with her husband, signed a note in 1869, payable to B., given in renewal of a note signed in the same manner, payable to C., administrator, for land belonging to the estate of her mother conveyed by the other heirs to A. alone. The real estate of the mother had been divided by an auction sale among the heirs. C. was administrator of the estate, and acted, in the sale of the real estate, as agent for all the heirs; and immediately transferred the original note to B. and his wife, who was one of the heirs, in payment of her share of the estate. *Held,* in an action on the second note by B. against A., that the facts showed a sufficient consideration for the note; and that the addition of "administrator" to C.'s name, as payee of the original note, did not change the effect of those facts.

CONTRACT on a promissory note for $729, payable to the plaintiff or bearer. Trial in the Superior Court, before *Allen*, J., who ordered a verdict for the plaintiff for the full amount of the note, and reported the case for the consideration of this court. The facts appear in the opinion.

*J. M. Cochran*, for the defendant.

*A. J. Bartholomew*, for the plaintiff.

COLT, J. The promissory note in suit was executed by the defendant jointly and severally with her husband, since deceased. Her only defence at the trial was, that there was not sufficient consideration shown to charge the defendant, she being a married woman when the note was given, for the whole or any part of the note. The court ruled otherwise, and ordered a verdict for the plaintiff for the full amount; and, without doubt, this ruling is correct.

The note was given in April 1869, in renewal of a note, originally made in January 1866, by the defendant and her husband, payable to the order of Daniel M. Chamberlin, administrator, to pay for a part of the land belonging to the estate of her mother, which was conveyed by the other heirs to this defendant alone. It appears that the real estate of the mother, after her decease, was divided by an auction sale of the different parcels among the heirs. Chamberlin was administrator of the mother's estate, and acted in the sale of the real estate as agent for all the heirs. In a settlement by him as administrator, and as agent,

made with the defendant and her husband, a sum was found due, made up of what was owing to the administrator from the husband alone, and of the balance due from the defendant on account of the real estate conveyed to her, for which several notes were given to Chamberlin, as administrator, signed by both husband and wife. One of these notes was immediately transferred to the plaintiff and his wife, who was one of the heirs, in payment for her share of the estate, and the note in suit is a renewal of that note. The other notes received by Chamberlin in settlement were kept by him, and were all paid by the defendant's husband before the note in suit was given in renewal. The original note was given for an amount somewhat less than the balance due from the defendant, for the real estate conveyed to her.

These facts show a good consideration for the note, moving directly to the defendant. For the convenience of all parties, the original note was made payable to Chamberlin, who was acting as their agent. The delivery of it by him to the plaintiff and his wife in payment for the interest of the latter in her mother's estate, and the subsequent giving of this note by the defendant in renewal, after the other notes signed by herself and her husband, and given for the debt of the husband, had been paid by him, is conclusive evidence that the consideration for the note in suit was the renewal of a note given for land conveyed to the defendant.

The addition of the word "administrator" to Chamberlin's name as payee of the note, is not sufficient to change the effect of the admitted facts. It is a matter of description only.

*Judgment on the verdict.*