Inhabitants of Provincetown *vs.* Inhabitants of Truro.

Barnstable.   Jan. 11. — June 20, 1883.   Field & W. Allen, JJ., absent.

County commissioners, under the authority of a statute, laid out and built a high-way and bridge, from one town to another, over a channel which connected a harbor with the sea ; the statute providing that the cost of maintaining and repairing the highway and bridge should be borne equally by the two towns. The Commonwealth afterwards built a solid dike across the channel, completely cutting off the harbor from the sea.   Subsequently, the bridge being out of repair, the county commissioners, upon the petition of citizens of one of the towns to repair the bridge or to locate a new highway in place of it, located a new highway running near the bridge, and ordered the two towns to build a solid roadway of earth across the channel to take the place of the bridge.   The highway was built accordingly, and the bridge was sold by auction by the select-men of the two towns, and was taken down.   *Held,* in an action by one of the towns against the other, to recover one half of the expense of repairing the new highway, that, when the bridge was discontinued and replaced by the new high-way, the statute became inoperative ; that the rights and duties of the two towns as to the new highway were governed by the Gen. Sts. *c.* 44, § 1; and that the action could not be maintained.

CONTRACT to recover one half of the expense incurred by the plaintiff town in the repair of a highway, across East Harbor Channel, between the plaintiff and the defendant towns.   Trial in the Superior Court, without a jury, before *Brigham,* C. J., who ruled that the action could not be maintained, and ordered

judgment for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*H. P. Harriman*, for the plaintiff.

*H. M. Knowlton*, for the defendant.

MORTON, C. J.   In 1854, the Legislature passed an act authorizing the county commissioners of the county of Barnstable to lay out and construct a highway and bridge over East Harbor in the towns of Provincetown and Truro, which provided that the cost of maintaining and repairing such highway and bridge should be borne equally by said towns.   St. 1854, c. 283.   The commissioners accordingly built a wooden bridge seventeen hundred feet long across East Harbor Channel, which was then a channel or inlet connecting East Harbor with the sea.   This bridge was carried away by storms in 1856, and an act was then passed authorizing the selectmen of the two towns to rebuild the bridge within two years of the date of the act. St. 1856, c. 288.

The two towns thereupon rebuilt the bridge upon the same site, and of the same length.   This bridge was partially destroyed in 1860, and was repaired by the order of the county commissioners.   In the year 1868, a solid dike was built by the Commonwealth across East Harbor Channel, about two hundred feet westward of the bridge, completely cutting off East Harbor from the sea.

In 1875, the bridge being out of repair, certain citizens of Provincetown petitioned the county commissioners to repair the bridge, or to locate a new highway in place of it; upon which petition, the commissioners, in 1876, located a new highway, running near the bridge, and ordered the two towns "to build a solid roadway of earth across East Harbor Channel, so called, to take the place of the present wooden bridge." The highway was built accordingly, and the bridge was sold by auction by the selectmen of the two towns, and was taken down.

In 1877, the town of Truro filed a petition for a writ of certiorari to quash these proceedings of the county commissioners, which, after a hearing, was dismissed.   It is too late now to raise any questions as to the regularity and validity of the action of the commissioners in laying out this highway.

Upon these facts, we are of opinion that the plaintiff cannot maintain its action. In laying out and constructing the solid highway, the county commissioners acted under the authority of the provisions of the Gen. Sts. *c.* 43. No special legislative authority was given them to build this solid causeway, and none was necessary. After the Commonwealth built the dike, in 1868, East Harbor Channel ceased to be an inlet of the sea, or navigable, and the county commissioners might, under the general laws, locate and construct a highway over it, if public convenience and necessity required it.

The plaintiff contends that it is entitled to recover, under the provision in the St. of 1854, *c.* 283, that the expense of maintaining and repairing the bridge shall be borne equally by the two towns. But when the bridge contemplated by that statute was discontinued and replaced by another highway, the statute became *functus officio* and inoperative. It cannot be held to apply to a new highway, laid out and built by the commissioners under the General Statutes. The duties of the two towns as to repairing such new highway must be determined by the General Statutes, under which each town is required to keep in repair such part of the highway as is situated within its limits. Gen. Sts. *c.* 44, § 1.

It does not appear that the town of Provincetown has made any repairs upon the part of the road which lies in Truro; but, if it did so appear, the plaintiff could not maintain this action, as one town cannot repair the roads of another town, and thus make the latter its involuntary debtor. *South Scituate* v. *Hanover*, 9 Gray, 420.

The ruling of the Superior Court, that the plaintiff could not maintain its action, was correct.          *Exceptions overruled.*