ELIJAH B. DOLLOFF *vs.* INHABITANTS OF AYER.

Essex.     November 8, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, KNOWLTON, & BARKER, JJ.

*Use of Another's Property by a Town — Express or Implied Contract.*

If a person's hose gets mixed with that of a town and the fire department uses it in connection with the town hose in extinguishing fires, supposing that it belongs to the town, an action against the town for the use of the hose will not lie, if no actual contract was made by the town and there were no circumstances from which a contract with the town might be inferred.

CONTRACT. The declaration alleged that on or about June 1, 1879, the plaintiff " leased to the defendant town five hundred feet of two and one half inch leather hose, which the defendant town kept under said leasing for the term of eight years, for

which it owes him the sum of three hundred and seventy-five dollars, with interest from the first day of June, 1887, when said contract was terminating and payment of said sum demanded, amounting to one hundred and sixteen dollars and twenty-five cents, being in all the sum of four hundred and ninety-one dollars and twenty-five cents." The answer was a general denial. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, the material portions of which appear in the opinion.

*C. U. Bell,* for the plaintiff.

*W. H. Atwood,* for the defendant.

FIELD, C. J.   The agreed statement of facts shows that no actual contract of any kind was made with the plaintiff by anybody purporting to act for the defendant.   The selectmen refused to buy the hose, and never agreed to pay for the use of it.   The engineers of the fire department never agreed to buy it or to pay for the use of it, and apparently did not know that there was any hose belonging to the plaintiff in their possession or in the possession of the defendant.   Upon the plaintiff's representation that they had possession of his hose, they gave him permission to take any hose that he could find belonging to him from the hose reel.   No refusal appears on the part of any officer of the defendant to prevent the plaintiff from taking and carrying away his hose if he could find it, and there is nothing in the agreed facts from which any concealment of the hose on the part of officers of the defendant can be inferred.   It is agreed that "the hose was not distinguishable from other hose owned by the town, except by a name stamped upon the coupling in letters less than one sixteenth of an inch in size, and this mark was not known to either of the parties until about the time the hose was delivered back to the plaintiff."

The duty of the board of engineers with reference to buying or replacing hose and other fire apparatus is defined in Gen. Sts. c. 24, § 29; Pub. Sts. c. 35, § 34; but the engineers never attempted to act under these provisions of the statutes.   The plaintiff on paying his debt to Page, to whom the hose had been pledged, could have demanded of him the hose, and on his refusal to deliver it could have recovered of him its value as for a conversion.   But the defendant town never claimed title to

the hose, or the right of possession of or the right to use the hose, and could not well be held to have converted it.

The case against the defendant is in substance this. The plaintiff's hose got mixed with the town hose, and the fire department used it in connection with the town hose in extinguishing fires without knowing that it belonged to the plaintiff, but supposing that it belonged to the town. Whether the engineers in doing this committed a tort for which they are liable, it is unnecessary to determine. The town is not liable for the torts of the engineers of its fire department. *Fisher* v. *Boston*, 104 Mass. 87. *Pettingell* v. *Chelsea*, 161 Mass. 368. No contract to pay for the use of the hose can be implied when it is plain that the selectmen were unwilling to make an express contract to pay for the use, and when the engineers did not know that they were using the plaintiff's hose, and therefore did not know that they were receiving a benefit for the town from this use which the town ought to pay for. See *Ladd* v. *Rogers*, 11 Allen, 209 ; *Day* v. *Caton*, 119 Mass. 513 ; *Earle* v. *Coburn*, 130 Mass. 596.

*Judgment affirmed.*