JOSEPH H. TUTTLE, trustee, *vs.* FIRST NATIONAL BANK OF GREENFIELD & another.

FIRST NATIONAL BANK OF GREENFIELD *vs.* JOSEPH H. TUTTLE, trustee, & others.

Suffolk.    January 25, 26, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Trust*, Powers of trustee.  *Bills and Notes.  Pledge.  Bank.  Equity Jurisdiction.*

A trustee with power to invest the trust property "according to his best judgment and discretion" and to pay the income to beneficiaries, with "full power to change any investment at his discretion," has no authority, unless it is expressly given by the terms of the trust, to pledge any part of the trust property to secure a promissory note signed by him as trustee, although the money lent upon the note goes into the trust fund and is expended for purposes for which the income of the trust lawfully could be expended.

If a trustee signs a promissory note as trustee without authority to do so the note is binding upon him personally.

A bank lending money on a note signed by a trustee as such and accepting as security a transfer of shares of stock belonging to the trust, if it has notice from

the form of the stock certificate that the shares are held in trust, is put upon inquiry and takes the risk of the trustee having no authority to pledge the stock as collateral.

A bank which has lent money on the note of a trustee secured by a pledge of trust property after having notice of the trust, if it turns out that the instrument of trust gives the trustee no power to pledge the trust property, not only has no legal title to the property against the beneficiaries of the trust or a new trustee, but has no remedy in equity against the principal or income of the trust estate.

TWO BILLS IN EQUITY, filed respectively April 16, 1903, and February 19, 1904, the first bill by the trustee under the will of Horace S. Stebbins, late of Boston, praying that the defendant First National Bank of Greenfield be ordered to assign and deliver to him seven shares of the capital stock of the defendant Franklin County National Bank alleged to have been pledged without authority by George T. Clark, the plaintiff's predecessor as trustee, to a firm of brokers to secure the note of Clark, as trustee, to the brokers for $550, the note and shares of stock having been transferred by the brokers to the first named defendant, both the brokers and the first named defendant having had notice of the trust, and the second bill by the First National Bank of Greenfield, the first named defendant in the first suit, praying for a decree that the shares of stock might be sold and the proceeds applied to the payment of the note of Clark, trustee, held by the bank.

In the Superior Court the cases were heard together by *Hitchcock*, J. upon the pleadings and an agreed statement of facts. In the first case the judge made a decree that the plaintiff, Joseph H. Tuttle, trustee, be granted the relief prayed for, and in the second case that the bill of the bank be dismissed. The First National Bank of Greenfield, the first named defendant in the first case and plaintiff in the second case, appealed.

*F. J. Lawler*, for the First National Bank of Greenfield.

*F. L. Hayes*, for the trustee.

BRALEY, J. These two bills in equity grow out of the same transaction, and involve the right of a trustee without having authority under the terms of the trust, to pledge a part of the principal to secure the payment of a promissory note signed by him as trustee, the proceeds of which are used for the benefit of the estate, and whether the bank, as pledgee, which took with notice of the trust acquired a title that will enable it to retain and apply the collateral in payment of the debt.

By the provisions of the will of Horace S. Stebbins, under which the maker of the note was trustee, he was directed and required to invest the property " according to his best judgment and discretion," and to pay over the income from time to time as it accrued to the beneficiaries, with " full power to change any investment at his discretion."

But this power did not clothe him with authority to pledge any part of the fund as security for the payment of a promissory note made by him as trustee although the money thus received went into the trust funds, and was expended for purposes for which the income lawfully could have been appropriated. *Hoyt* v. *Jaques*, 129 Mass. 286, 287.

Because of the absence of authority, and notwithstanding the recital in the body of the note, and form of its execution, the promise was his personal obligation enforceable against him alone while living, and after his death against his estate.   St. 1898, c. 533, § 20, (R. L. c. 73, § 37.)   *Fiske* v. *Eldridge*, 12 Gray, 474, 475.   *Towne* v. *Rice*, 122 Mass. 67.   *Plimpton* v. *Goodell*, 126 Mass. 119, 120.

At the time of the negotiation of the note the original payees, and subsequently the defendant bank, which held title under their indorsement, had notice by the form of the stock certificate and accompanying power of attorney, that the shares were held in trust.   They were thus put upon inquiry, and must be held to have known what it was their duty to ascertain, that the trustee had no authority to pledge them as collateral security for an obligation that in law was his individual debt. *O'Herron* v. *Gray*, 168 Mass. 573, 576, and cases cited.

It is the further contention of the bank that even if it has no title to the stock which it can enforce against the present trustee, that because the money hired was used in part to pay taxes on the estate, and the remainder presumably in the form of income was paid to the beneficiaries, it should be permitted to maintain its bill to have the income of the trust already accrued, or as it accrues applied in payment of the note.   But as we have said it had no contract which bound the estate; and for this reason it stands no better in equity than at law.   Besides, as the bank must surrender the stock because it has no title, now to require the income to be appropriated to the payment of

the note would be to say that while no part of the principal could be applied, the income might be taken, although the terms of the trust alike forbid the devolution of either for such a purpose.

*Decree affirmed in each case.*