### FRANCES E. FOOTE *vs.* CHARLES E. COTTING, trustee, & others.

Suffolk. November 21, 22, 1906. — March 8, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Pleading, Civil*, Declaration. *Trust*, Duties of trustee. *Contract*, Implied; common counts. *Practice, Civil*, Report of interlocutory question.

In an action against the owners of a city building holding undivided interests in it in different proportions, to recover a sum of money embezzled from the plaintiff and applied by the embezzler as agent of the defendants in paying taxes on the building, the declaration asked for damages "to be paid by the several defendants in proportion to their interests in said premises." On demurrer it

was *held,* that, even if the declaration otherwise disclosed a cause of action, the plaintiff could not recover against the defendants jointly, having alleged divers interests, nor individually, because, there being no contract in writing, R. L. c. 173, § 3, providing for joining as defendants all persons severally liable upon the same contract in writing did not apply.

A new trustee under a will appointed as the successor of another, although he has the same powers, rights and duties as if he had been appointed originally, is not liable for debts incurred by his predecessor unless he has assumed them.

Allegations, in a declaration in an action of contract, that the defendants were the owners in common of certain real estate, and that the defendants' agent who had authority to pay taxes on the real estate, who also, as trustee, was one of the owners in common of the property, and who also was the agent of the plaintiff, embezzled a certain sum of money belonging to the plaintiff and applied it to the payment of taxes on the real estate of the defendants to their advantage and benefit, do not disclose a cause of action at law, and an allegation, that the defendants although often requested to do so refused to repay the money, does not help the plaintiff unless it also is alleged that such refusal was made with a knowledge of the transaction alleged by the plaintiff.

Under R. L. c. 173, § 105, if a judge of the Superior Court overrules a demurrer and reports the case for determination by this court stating an agreement of the parties that if the demurrer is sustained final judgment is to be entered for the defendant, and this court sustains the demurrer, it is open to the plaintiff to take such further proceedings in the Superior Court by applying for leave to amend as he may deem advisable, as upon the report of an interlocutory order the statute limits the action of this court to the determination of the order reported.

CONTRACT to recover from the owners of a building money alleged to have been embezzled from the plaintiff by her agent, and to have been applied by him as agent of the defendants to the payment of taxes on the building. Writ dated October 20, 1905.

The several defendants demurred to the declaration, and the case was heard in the Superior Court upon the demurrers by *Fessenden,* J. He overruled the demurrers, and by agreement of the parties reported the case for determination by this court. It was stated in the report that if the demurrers were sustained final judgment was to be entered for the defendants; that otherwise answers were to be filed and the case was to be tried. The declaration was as follows:

" And the plaintiff says that on-or about November 24, 1903, the defendants Grace L. Lambert, Kate L. H. Motley, Charles M. Haley and Marion L. Haley as heirs at law and devisees under the will of Charles L. Haley, late of Boston, the said Lambert claiming also as testamentary appointee of Mary A. Haley, deceased, together with one Charles F. Berry as trustee

under said will, and the defendant Elizabeth W. Robins claiming by virtue of a deed to her, were the owners in common of a parcel of land with a building thereon numbered 83, 85 and 87 Summer Street, Boston, bounded and described as follows:

[Here followed a description of the land.]

" The undivided interests in said premises vested in the above named persons were as follows:

| | |
|---|---|
| Grace L. Lambert | 18/144 |
| Kate L. H. Motley, for life | 8/144 |
| Charles M. Haley | 11/144 |
| Marion L. Haley | 11/144 |
| Charles F. Berry, trustee | 24/144 |
| Elizabeth W. Robins | 72/144 |

" Said Charles F. Berry had the entire and exclusive management of said premises not only in respect to the interest then vested in him as trustee as aforesaid, but also in behalf and at the request of each and all of the other defendants, as their agent in respect to the interests owned by them. And, as incident to such management, he had the power and it was within the scope of his employment to pay the taxes upon said real estate.

" Said Berry was on said date, — November 24, 1903, — and had long been acting as the plaintiff's general agent and attorney under a power of attorney given him by her; and on or shortly before said date the plaintiff placed in his possession and entrusted to him as her attorney for investment money belonging to her amounting to $6,450, and on said date said sum together with other moneys belonging to the plaintiff were in said Berry's possession and subject to his control.

" On or about said date there was due to the city of Boston for taxes upon said Summer Street premises, interest thereon and sundry charges due by law, the sum of $4,620.42, and said Berry acting as trustee under the will of said Charles L. Haley and as agent for the other defendants as aforesaid, without the consent or knowledge of the plaintiff embezzled out of the said moneys then in his custody as her attorney the sum of $4,620.42 and used the same to pay said taxes on said Summer Street premises.

" By decrees of the Probate Court for Suffolk County entered

oh April 6, 1905, said Berry was removed from the office of trustee under the will of Charles L. Haley and the defendant Cotting was appointed to fill the vacancy caused by his removal, and is now trustee of said fund. And as such trustee the defendant Cotting is now the owner of twenty-four undivided one hundred and forty-fourths (24/144) in said premises; and the undivided interests which were vested in the defendants, Lambert, Motley, Charles M. and Marion Haley, and Robins on November 24, 1903, as aforesaid, have ever since remained and still remain vested in said defendants.

" By reason of the application of the plaintiff's money to the payment of the taxes on the Summer Street premises belonging to the defendants as herein related, the defendants and each of them were greatly benefited; but the plaintiff received no consideration for the money so taken from her either then or subsequently, nor have the defendants or any of them ever repaid the same or any part thereof to her, though often requested to do so; and accordingly the plaintiff has been greatly damaged.

" Wherefore the plaintiff prays that damages may be awarded to her in the amount taken from her and used in payment of the taxes on the Summer Street premises as aforesaid, together with interest thereon from the date of said payment, to be paid by the several defendants in proportion to their interests in said premises."

The defendants Kate L. H. Motley, Charles M. Haley and Marion L. Haley demurred to the declaration and as causes of demurrer assigned the following:

1. That it does not appear in and by said declaration that the money of the plaintiff alleged to have been applied to the payment of taxes upon the property belonging to the defendants therein named was so applied or paid at the request of these defendants or any of them.

2. That it does not appear in and by said declaration that, after the alleged application of the plaintiff's money to the payment of taxes upon property of the defendants therein named, these defendants or any of them ratified or confirmed such application or payment or otherwise promised to pay the plaintiff the amount so applied or paid.

3. That it does not appear in and by said declaration that these

defendants or any of them in any way authorized or requested the said Charles F. Berry to apply the money of the plaintiff to the payment of taxes on property belonging to the defendants.

4. That it appears in and by said declaration that the said Charles F. Berry acting without authority from and without the knowledge or consent of these defendants or any of them, and not in the scope of his employment as agent of the defendants, wrongfully embezzled money in his custody as agent of the plaintiff, and applied such money to the payment of taxes upon the property of the defendants.

The defendant Elizabeth W. Robins demurred to the declaration on the first three grounds set forth in the demurrer of the defendants Kate L. H. Motley, Charles M. Haley and Marion L. Haley, and on the further grounds that it does not appear from the declaration that any money of the plaintiff ever came into the possession of the defendants, or that any money was stolen or embezzled by said Charles F. Berry from the plaintiff with the knowledge or collusion of the defendants, or that any money of the plaintiff was used or applied by said Berry in the manner alleged in said declaration with the knowledge and consent of this defendant or of any other of the defendants in this cause; and that it does not appear from said declaration that the defendants ever received any money or property of the plaintiff, or that they received pecuniary benefit from the acts therein alleged to have been performed by said Berry to the amount of the sum alleged to have been embezzled by said Berry from the plaintiff or of any part of said sum.

The defendant Grace L. Lambert demurred to the declaration on the first three grounds set forth in the demurrer of the defendants Kate L. H. Motley, Charles M. Haley and Marion L. Haley, and on the further grounds set forth in the demurrer of the defendant Elizabeth W. Robbins. The defendant Charles E. Cotting, trustee, also demurred, following in his demurrer the language in that of the defendant Grace L. Lambert.

*J. Noble, Jr.*, (*H. J. Coolidge* with him,) for the plaintiff.

*O. O. Partridge*, (*B. C. Parsons* with him,) for the defendants Robins, Lambert and Cotting.

*J. W. Farley*, (*A. Ames, Jr.*, with him,) for the defendants Motley and Haley.

BRALEY, J. The demurrers admit the special count, with a prayer for damages " to be paid by the several defendants in proportion to their interests in said premises," and whose recitals evidently were intended by the pleader as a full and accurate statement of all the facts at his command, which if proved would be sufficient to maintain the action. See *Robinson* v. *Green,* 3 Met. 159; *Hall* v. *Marston,* 17 Mass. 575, 579. If, however, the plaintiff should prove these allegations she could not recover a judgment against the defendants jointly, as their liability and the measure of recovery is expressly stated to be proportional to their respective interests in the land, nor individually, even if properly pleaded as to each by distinct counts, as the contract not being in writing the provisions of R. L. c. 173, § 3, are inapplicable. *Grocers' Bank* v. *Kingman,* 16 Gray, 473, 475. *Costigan* v. *Lunt,* 104 Mass. 217. *Colt* v. *Learned,* 118 Mass. 380; *S. C.* 133 Mass. 409, 412. *Fuller* v. *Morse,* 4 Gray, 294, 295. *Colt* v. *Clapp,* 127 Mass. 476. But while this question cannot be passed unnoticed, it has not been argued, and we take up the demurrers as presented.

Before considering the liability of the other defendants that of the defendant Cotting first should be determined. Being interested only as trustee in an undivided portion of the estate he succeeded to the title but not to the debts incurred by his predecessor, unless he assumed them, and the taxes having been paid and discharged before his appointment he is not a debtor, for neither original authority nor ratification in his representative capacity are even inferentially pleaded. *Sells* v. *Delgado,* 186 Mass. 25, 29. *Tuttle* v. *First National Bank of Greenfield,* 187 Mass. 533, 535. His demurrer, therefore, must be sustained.

Upon his elimination, the contract of the other defendants to repay the amount paid for taxes assessed on the land in which they had the legal title must be founded upon a request to the plaintiff to advance the money, either actually made or arising out of the legal relations of the parties, or if voluntarily advanced, then on subsequent ratification. *Massachusetts Ins. Co.* v. *Green,* 185 Mass. 306, 307. *Bancroft* v. *Abbott,* 3 Allen, 524. But, there being no statement that the defendants actually requested a loan or received and appropriated the plaintiff's

money, unless the allegations of agency and of an implied obligation to repay by accepting the benefit which may be found to have accrued by a discharge of the taxes cure this omission, the defect is fatal. *Winsor* v. *Savage*, 9 Met. 346, 348. *Brown* v. *Fales*, 139 Mass. 21, 28. *Massachusetts Ins. Co.* v. *Green, ubi supra.*

A borrower of money possesses the absolute right to decide for himself to whom he shall become a debtor, and voluntary advancements made in his behalf, but without his knowledge, do not create an express or implied contract between him and the lender. *Kelley* v. *Lindsey*, 7 Gray, 287. *Provincetown* v. *Truro*, 135 Mass. 263, 265. *Boston Ice Co.* v. *Potter*, 123 Mass. 28. *Earle* v. *Coburn*, 130 Mass. 596. *Massachusetts Ins. Co.* v. *Green, ubi supra. Kemp* v. *Balls*, 10 Exch. 607, 610. To avoid this initial difficulty, the plaintiff's general agent is alleged with one hand to have embezzled and with the other to have appropriated her money as the agent of the defendants, who would be bound by this act if within the scope of his employment. But authority to pay taxes did not charge them with constructive notice, for their agent not being empowered to borrow money for this purpose, even the plaintiff does not urge that he was authorized to steal for their benefit, or that his embezzlement conferred upon her any greater right than if, being unauthorized, he had made and delivered the defendants' promissory note for the amount. *Allen* v. *South Boston Railroad*, 150 Mass. 200, 206. *Craft* v. *South Boston Railroad*, 150 Mass. 207, 210. *Kelley* v. *Lindsey, ubi supra. Railroad National Bank* v. *Lowell*, 109 Mass. 214, 215. *Agawam National Bank* v. *South Hadley*, 128 Mass. 503, 507, 508.

The plaintiff strongly relies upon the case of *Atlantic Cotton Mills* v. *Indian Orchard Mills*, 147 Mass. 268, as a conclusive authority that the defendants were charged with constructive notice. But that case as pointed out in *Indian Head National Bank* v. *Clark*, 166 Mass. 27, 31, was expressly decided upon the broad ground that the title to the funds of the defendant which had come into the possession of the plaintiff through the fraud of a person who was the treasurer of both, and who at the time alone had knowledge of the transaction, did not pass, and the money could be recovered back. It further was said in the

opinion, that " the rule is general, that, if one who assumes to do an act which will be for the benefit of another, commits a fraud in so doing, and the person to whose benefit the fraud will enure seeks, after knowledge of the fraud, to avail himself of that act, and to retain the benefit of it, he must be held to adopt the whole act, fraud and all, and to be chargeable with the knowledge of it, so far at least as relates to his right to retain the benefit so secured." In the present case the money when appropriated, neither actually nor constructively came into the possession of the defendants. *Winsor* v. *Savage, ubi supra. Kelley* v. *Lindsey, ubi supra. South Scituate* v. *Hanover,* 9 Gray, 420. *Railroad National Bank* v. *Lowell, ubi supra. Agawam National Bank* v. *South Hadley, ubi supra. Provincetown* v. *Truro, ubi supra. Massachusetts Ins. Co. .v. Green, ubi supra. Stoddard* v. *Ham,* 129 Mass. 383, 386. *Dolloff* v. *Ayer,* 162 Mass. 569. *Lamborn* v. *County Commissioners,* 97 U. S. 181, 185. The defendants urge that the agent's fraud was manifestly an independent act of his own, although for what purpose committed the declaration does not disclose, and, being outside of his agency for the defendants, his knowledge of the defalcation cannot be imputed to them. *Innerarity* v. *Merchants' National Bank,* 139 Mass. 332, 333, 335. *Bowditch* v. *New England Ins. Co.* 141 Mass. 292, 293. *Indian Head National Bank* v. *Clark,* 166 Mass. 27, 31. But this ground of demurrer is not open on the declaration.

The plaintiff further relies on subsequent ratification by conduct, but when this is invoked while there is an allegation that, " though often requested to do so," the defendants have neglected to repay, the averment is not accompanied by the further allegation that the declination was made with knowledge of the transaction, yet an allegation of this nature is essential under the present declaration, if the plaintiff goes upon this theory, for ratification rests on knowledge by the ratifier of the unauthorized act of his agent. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381, 382. *Beacon Trust Co.* v. *Souther,* 183 Mass. 413, 416. *Root* v. *Bancroft,* 8 Gray, 619. This situation obliges the plaintiff to take the position that when these distinctions are given their full weight, her money has been bestowed on the defendants, who, not having declined the benefit thereby received, an implied obligation is raised to

make reimbursement. In *Claflin* v. *Godfrey*, 21 Pick. 1, 6, it was said by Mr. Justice Morton when speaking of assumpsit for money had and received, "It approaches nearer to a bill in equity than any other common law action; and indeed has many of the advantages . . . of a chancery suit." See *Cole* v. *Bates*, 186 Mass. 584, 586. While an equitable action as thus defined does not rest on privity of contract, but on an obligation which the law implies where the defendant is shown to have been unjustly enriched at the expense of the plaintiff, yet as this liability is never presumed in favor of mere volunteers, proper descriptive allegations must be made before it can be proved and enforced. *Homestead Co.* v. *Valley Railroad*, 17 Wall. 153. It is not alleged that the taxes constituted a statutory lien with notice of which the defendants would be charged, and that having been discharged by payment, then upon such knowledge their subsequent silence could be treated as evidence of acquiescence and acceptance. The phrase, "used the same to pay said taxes," refers equally to the taxes due from Berry, who, as trustee, was an owner in common, as well as to the defendants. R. L. c. 12, § 15; c. 13, § 73. See *Richardson* v. *Boston*, 148 Mass. 508. But if held to refer to them alone, even then, when read in connection with the remaining allegations, it is neither susceptible of this meaning, nor by the most liberal construction is it an averment that before the bringing of the action they knew of the payment. If Berry, as a tenant in common, on payment by him with the plaintiff's money, freed the land from an incumbrance which all were bound to discharge, might have resorted to actions at law, or to a single suit in equity, against his cotenants for contribution, or to a lien on their respective shares as provided by statute, the plaintiff cannot at law be subrogated to his rights. *Dewing* v. *Dewing*, 165 Mass. 230, 232. Story Eq. Jur. (13th ed.) § 496. R. L. c. 13, §§ 73, 74. *Jackson Co.* v. *Boylston Ins. Co.* 139 Mass. 508, 510. *Webber Lumber Co.* v. *Shaw*, 189 Mass. 366.

The question whether upon an amendment under R. L. c. 159, § 6, changing her action into a bill in equity in which all parties can be joined, upon proof of the substantial facts alleged, with proof of further allegations, that a lien for the taxes existed at the date of their payment, and that upon being made acquainted

with the diversion of the plaintiff's money, the use of which by operation of law not only discharged the incumbrance, but has actually conferred a benefit upon them, the defendants have declined or neglected unconscionably to repay, she can be decreed suitable and adequate relief has not been argued, and does not call for a decision. See *O'Brien* v. *Murphy*, 189 Mass. 353 ; *Von Arnim* v. *American Tube Works*, 188 Mass. 515, 520 ; *Niles* v. *Graham*, 181 Mass. 41, 48 ; *Nathan* v. *Nathan*, 166 Mass. 294, 295 ; *Webber Lumber Co.* v. *Shaw, ubi supra ; Wallis* v. *Shelly*, 30 Fed. Rep. 747, 748 ; 2 Pomeroy Eq. Jur. (3d ed.) § 912 ; 3 ibid. § 1044 ; *Hill* v. *Lane*, L. R. 11 Eq. 215, 220.

It will be open to the plaintiff to take such further proceedings in the Superior Court as she may deem advisable, as the statute permitting a report upon an interlocutory question at law limits the full court to the determination of the question reported, and such decision, therefore, must be confined within the scope of the original judgment or order. St. 1900, c. 311. R. L. c. 173, § 105. *Commonwealth* v. *Burton*, 183 Mass. 461, 474. *Newburyport Institution for Savings* v. *Coffin*, 189 Mass. 74, 75.

*Order reversed ; demurrers sustained.*