FRED A. HOUDLETTE & another *vs.* WILLIAM C. DEWEY.

Suffolk.   November 19, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Contract*, Construction.   *Sale*, Delivery.

A contract with an architect to import for him from Europe certain steel beams and deliver them to a structural company, having its works at Everett, with which the architect has a contract to work the beams into a desired shape, containing the words "Terms: Cash by sight draft against invoice and delivery to [the structural company] at Boston," is complied with by a delivery of the beams on the wharf in Boston and notifying the corporation of their arrival, and on such delivery and notification the title passes to the buyer, leaving the importer under no obligation to transport the beams from the wharf in Boston to the works of the structural company in Everett, unless he is paid an additional sum for doing so.

CONTRACT to recover a balance alleged to be due for a quantity of steel beams, for the labor of cutting them and the expense of transporting them from Boston to East Everett.   Writ dated November 17, 1902.

In the Superior Court the case was tried before *Holmes*, J., without a jury.   The plaintiffs' claim was based on a proposal in writing and its acceptance as set forth in their declaration. The proposal was made by letter, and, with the acceptance indorsed thereon, was as follows:

"Boston, July 29, 1902.

"Mr. Wm. C. Dewey,

New York, N. Y.

"Dear Sir:

"We propose to furnish and deliver to the New England Structural Company, Boston, a schedule of steel beams as per their sheets, Nos. 1 to 11, inclusive, and the small schedule for New York, amounting to about 275 tons, for the sum of $2.05 base, including duty and wharfage in Boston or New York for beams up to and including 15″; larger sizes usual extras, $2.50 per ton.

"Terms: Cash by sight draft against invoice and delivery to New England Structural Company at Boston and on dock in New York, you to advance $3,000 in cash (as an evidence of

good faith) the same to be applied against the payment of our last delivery of beams.

" Delivery : Shipment of the entire schedule from Europe to be made within four to six weeks from this date. It is under-stood that this contract is accepted and the sale made subject to delays brought about by strikes, fires or causes beyond our control.

                    " Yours very truly,
                              " Fred A. Houdlette & Sons."
" Accepted July 31, 1902.
          " Wm. C. Dewey."

The findings of the judge made the subsequent correspond-ence immaterial.

At the close of the evidence the defendant asked the judge to rule that the plaintiffs were not entitled to recover anything for the expense of transporting the beams from Boston to Everett. The judge refused so to rule, but ruled and found that the plaintiffs were entitled to recover $87.90 for transportation, and further ruled and found that if the plaintiffs should amend their declaration by adding thereto a count for the expense of trans-porting 353,589 pounds of beams from Boston to Everett the plaintiffs would be entitled to recover in addition thereto the expense of transportation at the same rate of five cents per hundred pounds. The plaintiffs so amended their declaration, and afterwards a finding was entered for the plaintiffs for the sum of $668.03, which included the full amount claimed by plaintiffs for transportation. The defendant alleged excep-tions, which after the death of *Holmes*, J., were allowed by *Gaskill*, J.

*E. M. Brooks*, for the defendant.

*J. Cavanagh*, for the plaintiffs.

BRALEY, J. The declaration as amended contained two counts the first declaring for the balance of an account due under the contract, the second, on an account annexed in which the bal-ance was itemized. At the trial, the other items having been either admitted, or not seriously contested, the controversy seems finally to have been narrowed to the charge for transpor-tation, and the exception to the refusal to rule, that under the

contract the plaintiffs could not recover therefor, presents the only question to be decided.

The plaintiffs' letter to the defendant, with his acceptance, constituted the contract, and in view of the findings of the judge, which were supported by the evidence, that it had not been varied by their subsequent telegrams, letters and interviews, their respective rights rest upon its construction. It may be gathered from the exceptions, which are extremely meagre in regard to any clear description of the parties or their situation at the time, that the defendant, who was an architect residing in another State, intended to use the steel beams, after they had been properly fitted in the erection of a building either owned by him or being built under his supervision. The plaintiffs engaged to import the beams and deliver them to the New England Structural Company, by whom under a separate contract with the defendant they were to be wrought into the desired shape. But, in fact, the works of the New England Structural Company were at Everett, and, as that company refused to accept delivery of the beams at the wharf, the plaintiffs paid for transportation to the works for all the shipments, and demanded reimbursement from the defendant. The defendant's agreement with the company does not appear, nor is it important, for, upon recurrence to the contract, it will be seen that the plaintiffs became bound to deliver only "at Boston," the place designated by the buyer, and when the beams were landed on the wharf and the company had been notified, the plaintiffs had performed their contract, and the title then passed to the defendant. *Chickering* v. *Fowler*, 4 Pick. 371. *Lucas* v. *Nichols*, 5 Gray, 309. *Nichols* v. *Morse*, 100 Mass. 523. *Peck* v. *Waters*, 104 Mass. 345. *National Bank* v. *Dayton*, 102 U. S. 59. *Smith* v. *Chance*, 2 B. & A. 753, 755.

In payment for the shipments as they arrived, and upon making delivery, sight drafts were to be drawn upon the defendant against the invoices. But as the company would not receipt unless the beams had been actually received, after about two thirds had arrived and were on the wharf, the plaintiffs telegraphed the defendant of the refusal and asked for instructions. If the telegram, his letter in reply, and the telegram and the letter sent to him the following day, to which no answer was

received, are read in connection with his oral testimony in reply to questions put by the judge, there was evidence which warranted the judge in finding that the defendant understood that the plaintiffs were to transport the beams to the mill of the company for his benefit and at his expense. The plaintiffs, therefore, having made the necessary outlay, were properly found entitled to recover the amount upon the account annexed. *Massachusetts Mutual Ins. Co.* v. *Green,* 185 Mass. 306. *Foote* v. *Cotting,* 195 Mass. 55, 62, 63.

*Exceptions overruled.*