## EISINGER *v.* E. J. MURPHY COMPANY.

---

Motion for Directed Verdict; Effect; Agent; Personal Liability; Proof of Authority.

1. A motion for judgment for a directed verdict in an action upon an order to pay money to the plaintiff does not foreclose the right of the defendant, who admitted signing the acceptance of the order, to challenge, on appeal, the judgment on the ground of his non-liability upon the order as matter of law, because his acceptance was on behalf of a principal.

2. One who signs, though without describing himself as an agent, the acceptance of an order to pay money addressed to him as the agent of a named principal, is not personally liable thereon, under sec. 1324 of the D. C. Code (31 Stat. at L. 1398, chap. 854), providing that where the instrument contains words indicating that the subscriber signs for or on behalf of a principal, he is not liable on the instrument if he was duly authorized.   (Mr. Chief Justice Smyth dissenting.)

3. An agent attaching his personal signature to the acceptance of an order to pay money addressed to him as agent can, without proving his authority as agent, claim exemption from personal liability under sec. 1324 of the D. C. Code, which provides that where the instrument contains words indicating agency, the signer will not be liable thereon if he was duly authorized. (Mr. Chief Justice SMYTH dissenting.)

No. 3168.   Submitted January 9, 1919.   Decided March 31, 1919.

HEARING on an appeal 'from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action of debt on a written order.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

Appellant Walter G. Eisinger, defendant below, appealed from the judgment rendered against him upon the following order:

Washington, D. C., Feb. 17, 1915.
Mr. W. G. Eisinger, Agent for Harry Lambros and Louis Kanelopoulos:
Kindly pay to the order of E. J. Murphy Company the sum of Four Hundred and Seventeen Dollars ($417), covering glass and glazing at No. 600 N. Capitol street and No. 3 "F" street N. W.
                                        James F. Blakeney.
Accepted:
    W. G. Eisinger.

The president of the E. J. Murphy Company, appellee, testified that it had furnished the labor and material called for in the order; that it was the owner and holder of the order, and that it had not been paid.   Defendant admitted signing the acceptance.   On this evidence, both parties moved for a directed verdict.   The court sustained plaintiff's motion, and the verdict and judgment followed.

Mr. *Hayden Johnson* and Mr. *T. H. Patterson* for the appellant.

Mr. *D. W. O'Donoghue* and Mr. *A. A. Alexander*, for the appellee, in their brief cited:

*Bank of N. A.* v. *Hooper*, 66 Am. Dec. 390; *Daniel* v. *Glidden*, 38 Wash. 76; *De Forest* v. *United States*, 11 App. D. C. 458; *Evans* v. *Shoemaker*, 2 App. D. C. 62; *Exchange Nat. Bank* v. *Third Nat. Bank*, 112 U. S. 276; *Frankland* v. *Johnson*, 147 Ill. 520; Greenl. Ev.; *Hypes* v. *Griffin*, 89 Ill. 134; *Koenigsberger* v. *Mining Co.* 158 U. S. 41; *Lallerstedt* v. *Griffin*, 29 Ga. 708; Meachem, Law of Agency; *Nupen* v. *Pearce*, 235 Fed. 497; *New York Electric R. Co.* v. *Fifth Nat. Bank*, 135 U. S. 432; *Powers* v. *Briggs*, 79 Ill. 493; *Randon* v. *Toby*, 11 How. 493; *Robinson* v. *Kanawha Valley Bank*, 58 Am. Rep. 829; 3 R. C. L. Bills & Notes; *Scanlan* v. *Keith*, 102 Ill. 634; *Shaw* v. *Stone*, 1 Cush. 228; Skyles & C. Agency; *Smith* v. *Morse*, 9 Wall. 76; *Thompson* v. *McKay*, 41 Cal. 221; *Turner* v. *Trail*, 24 Okla. 129; *Tuttle* v. *Bank*, 187 Mass. 533; *Wege* v. *Safe Cabinet Co.* 249 Fed. 696; *Beuttell* v. *Magone*, 157 U. S. 154; *Colo.* v. *Harrison*, 228 Fed. 894; *Illinois C. R. Co.* v. *Egan*, 203 Fed. 939; *Runkle* v. *Burnham*, 153 U. S. 216; *Sena* v. *American Turquoise Co.* 220 U. S. 497; *Union P. R. Co.* v. *Harris*, 63 Fed. 800; *Western U. Teleg. Co.* v. *Thompson*, 144 Fed. 583.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is urged that a motion for judgment for a directed verdict, being in the nature of a demurrer to the evidence, admits the validity of the order and forecloses the right of defendant on appeal to challenge the judgment on the ground of his nonliability upon the instrument sued on as matter of law. We are not impressed with this contention. The rule invoked admits the truth of the facts proved, but not matters of law. Hence, defendant's motion for judgment admitted the competency, of

the order as evidence in the case, but not the legal interpreta-
tion thereof as affecting his liability.

This brings us to the single question, whether or not defend-
ant, in accepting the order, did so personally or as the agent
of Lambros and Kanelopoulos. Section 1324 of the District
Code [31 Stat. at L. 1398, chap. 854], provides as follows:
"Where the instrument contains or a person adds to his signa-
ture words indicating that he signs for or on behalf of a prin-
cipal, or in a representative capacity, he is not liable on the
instrument if he was duly authorized, but the mere addition of
words describing him as an agent or as filling a representative
character without disclosing his principal does not exempt him
from personal liability."

The language of the statute is clear and needs no extended
interpretation. If the instrument anywhere contains words in-
dicating agency with a disclosure of the principal, or if the
acceptor uses such words after his signature, it is sufficient to
put the payee on notice. The name of the party to whom the
order is addressed is a material part of the instrument. If
the agency is disclosed in the address, as here, the instrument
will be held to contain words indicating that the acceptance
is not personal, but as agent for the principal named therein.

But it is contended that defendant failed to prove his author-
ity as agent, and, therefore, is not entitled to claim exemption
from personal liability under this section of the Code. By the
great weight of modern authority, no action can be brought
against an agent on a contract executed in the name of a prin-
cipal, even though the agent was without authority; for the
reason that the contract was not intended to be the personal
contract of the agent. The only remedy against him is on the
ground of fraud and deceit, or breach of an implied warranty
of authority. As was said in *Kent* v. *Addicks,* 60 C. C. A.
660, 126 Fed. 112: "There are authorities which hold that the
contract in such a case is that of the agent, against whom a re-
covery may be directly had; but the prevailing and the better
doctrine is that where, as in the present instance, the under-
taking on its face is that of the supposed principal, the agent is

liable only on the implied warranty that he had the right to make it."

The acceptance of the order purports to be the acceptance of the principals, through defendant as agent, and not the personal acceptance of defendant. Hence, under the rule laid down in the *Kent Case,* no action lay against defendant on the order, irrespective of whether or not he had authority. Even according to the section of the Code here under consideration a construction changing the above rule in so far as negotiable instruments are concerned, and permitting an action to be maintained on the instrument itself against the agent acting without authority, there is, nevertheless, a presumption that the instrument is what it purports to be,—the obligation of the disclosed principal,—and the burden is upon the plaintiff of overcoming this presumption by affirmative proof of the want of authority of the agent.

The judgment is reversed with costs, and the cause remanded for a new trial.                    *Reversed and remanded.*

Mr. Chief Justice Smyth dissenting:

For the following reasons I dissent: The action is based on an acceptance of an order, evidenced by Eisinger's unqualified signature, and the question is whether he signed as a principal or as an agent. In *Exchange Nat. Bank* v. *Third Nat. Bank,* 112 U. S. 276, 28 L. ed. 722, 5 Sup. Ct. Rep. 141, a draft was drawn on "Walter M. Conger, Sec'y Newark Tea Tray Co. Newark, N. J.," and accepted by him by writing upon its face these words, "accepted, payable at the Newark National Banking Co., Walter M. Conger." There, as here, the instrument was addressed to the acceptor in a representative capacity, and there, as here, he signed personally. The court held that his acceptance was individual and did not bind the Tray Company. That case, it seems to me, is directly in point and rules the one at bar.

But if it be admitted, as the majority hold, that the instrument in question contains words indicating agency, with a disclosure of the agent's principal, that does not help the matter,

because unless Eisinger had authority under Code sec. 1324 to sign as agent, he is liable as principal. "Whether an agent * * * or other person attempting to sign a negotiable instrument *en autre droit* is to be held liable personally depends on the question whether as such representative he is empowered to do the act." 3 R. C. L. 1092. Before he can escape liability on the ground that he signed as agent he must show that he had authority to do so, or else he is liable as a principal. *Tuttle* v. *First Nat. Bank,* 187 Mass. 535, 105 Am. St. Rep. 420, 73 N. E. 560. According to other authorities he would not be liable on the contract, but in damages for a breach of the implied warranty that he had a right to make the contract. *Kent* v. *Addicks,* 60 C. C. A. 660, 126 Fed. 113. Whatever the correct rule may be in other jurisdictions, sec. 1324 [31 Stat. at L. 1398, chap. 854] settles the question so far as the District of Columbia is concerned, for it provides that "where the instrument contains * * * words indicating that he signs for or on behalf of a principal * * * he is not liable on the instrument *if he was duly authorized.* * * *"* Assume, therefore, that the paper sued upon contains words indicating that he signed on behalf of a principal, he can escape personal liability only by showing that he was "duly authorized." This seems to me so plain that argument cannot make it clearer.

There is no evidence in the case at bar that Eisinger was duly authorized to sign as agent for Harry Lambros and Louis Kanelopoulos. Appellee sought to prove that Eisinger accepted as a principal, but on the latter's objection that his liability must be determined by a consideration of the instrument alone the testimony was excluded. When Eisinger came to make his case he reversed his position and offered a letter from one Blakeney to Lambros and Kanelopoulos for the purpose of establishing that he was agent for the latter. The court ruled it out because, at Eisinger's instance, it had been established as the law of the case that evidence outside the instrument in suit was improper. Just how a letter from Blakeney to Lambros and Kanelopoulos could have any tendency to prove that Eisinger was the agent of the latter is not clear. However that

may be, Eisinger is in no position to complain of a ruling based on a proposition of law applied to the case at his request.

There is nothing in *Kent* v. *Addicks, supra,* cited by the majority, which supports their construction of sec. 1324. In that case it was admitted by both parties that the person sued had signed as an agent and without authority, and the question was as to whether or not he was liable upon the unauthorized contract or for breach of the implied warranty that he had the right to make it. Here, the appellant Eisinger asserts that he signed as agent. The appellee denies it. The questions, therefore, are entirely different, and the *Kent Case* contributes nothing to a solution of the difficulty.

My position is that (a) Eisinger signed as an individual, but (b) that if there are words in the paper indicating that he signed as agent he is still liable as principal, under the Code, because he has failed to show that he was duly authorized. For these reasons I think the judgment should be affirmed.