Gadsby, J.
This is an action of contract wherein the plaintiff seeks the sum of six hundred ($600.00) dollars being the balance due for rent of a machine. The case was submitted on an agreed statement of facts which are as follows :
“It is hereby agreed that prior to July 1, 1940, an oral agreement was made bétween the plaintiff and the proper officer of the town, by the W. P. A. co-ordinator, for the rental of a bull-dozer at $200. per month, or, a purchase rental agreement of $200. per month rental which was to be applied to the purchase price of $1800.
“The machine was delivered to the town on July 1, 1940, and used by the defendant during- the months of July, August, September and October, 1940.
‘ ‘ The town made one payment of $200. and has never paid the balance of $600. Demand was duly made upon the defendant for payment.
*2 “After November 1, 1940, the bull-dozer was returned by the defendant as it did not then desire to purchase said equipment.
“The unexpended balances in the W.P.A. budget of the defendant town, as shown by the books of the town accountant were as follows.
July 1, 1940, $15,455.86. August 1, 1940, $12,247.40. Sept. 1, 1940, $7,650.36. Oct. 1, 1940, $4,874.38. Nov. 1, .1940, $810.99.
“No emergency was declared by the selectmen of the town, but the town was lawfully engaged in W. P. A. work.
“No sealed bids or proposals were advertised for nor submitted for this contract.”
The answer is a general denial and furthermore that the agreement was in violation of the provisions of the ByLaws of the defendant town. Article 7, section 1 of the Bylaws is' as follows:
“No purchase or contracts for purchases of materials, equipment, or supplies exceeding $500.00 in amount shall be made by an officer or department of the town without first advertising for sealed bids therefor. Such advertisements shall state the time when and the place where bids are to be opened, and shall be made in a newspaper, if any, published or purporting by its title page to be published in the town, otherwise in a newspaper published in the County of Essex.”
At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:
1. A town may at any town meeting appropriate money for laying out, discontinuing, making, altering and repairing public ways, and for materials used and labor employed thereon. General Laws, Chap. 40, Sec. 5, Clause 4. 2. A town may at any town meeting appropriate money for providing co-operation with the federal' government in unemployment relief and for other projects, or indirect benefit to the town or its inhabitants. General Laws, Chap. 40, Sec. 5, Clause 39. 3. There is no general principle of law that a town is *3 not bound by a contract made in its behalf by officers duly authorized, merely because no appropriation exists out of which the contract can be performed. G. M. Bryne v. Barnstable, 286 Mass. 544 (191 N. E. 45). Police Commissioner of Boston v. Boston, 279 Mass. 577 at 581 (181 N. E. 790). Decatur v. Auditor of Peabody, 251 Mass. 82 at 85. 4. The Municipal Finance Act, so-called, does not exempt a city or town from its liability to pay debts contracted for purposes of which it may lawfully expend money. 5. Upon the agreed statement of facts there should he a finding for the plaintiff on his declaration as a matter of law. 6. A town is liable where said town, though one of its departments, incurs a bill where there is during that period a sufficient unencumbered balance in the appropriation to pay said bill. 7. Upon the agreed statement of facts there should be a finding for the plaintiff on his declaration. 8. If at the time the town incurred the bill, as alleged in plaintiff’s declaration, there was a sufficient unencumbered balance in the appropriation to meet the bill but subsequently this balance was exhausted before the bill was paid, then the plaintiff who fulfilled his part of the agreement can recover and there should be a finding for the plaintiff. 9. A town is liable when one of its departments incurs a liability and there is available a balance in • the appropriation sufficient to pay the bill after all previous charges against the appropriation have been met. 10. A town cannot escape liability under a contract legally made by failing to make a sufficient appropriation to meet the requirements thereof. Shea v. Milford, 145 Mass. 528; Costello v. North Easton Village District, 205 Mass. 54 at 58.
The Court allowed 1, 2, 3, 4, 6, 9, and 10 but denied 5, 7 and 8.
The Court found that the agreement sued on was entered into without compliance and in violation of the provisions of the By-Laws of the Town of Saugus and made a finding for defendant.
We are of the opinion that if the agreement in this ease were held legal then the door would be wide open for sub *4 terfuge to avoid the beneficial results of regulations imposed on cities and towns relative to the proper conduct of their business. This agreement is in direct violation of article 7, section 1, of the By-Laws of the defendant town which preclude any contract for sale or sale of equipment above $500.00 in value without first advertising for sealed bids.
The contention of the plaintiff in substance is that even if that portion of the agreement relative to the purchase of equipment is illegal, yet the contract is divisible so that the plaintiff should be able to recover the rental of the equipment for the period during which it was used. In this contention, we might point out that the plaintiff has not declared on any common counts but has declared on the contract alone. We are not intimating that the result would have been different if he had so declared, as is it not necessary to decide that issue. However, in passing, we might point out that the court said in Bartlett vs. Lowell, 201 Mass. 151 at 155, 44The plaintiff’s other contention is that the defendant city, having had the benefit of the plaintiff’s gravel, should pay the reasonable value of it. But we are of the opinion that that is not so.”
This court cannot place the seal of its approval upon such an illegal contract by regarding it as divisible so that one part is legal and the other is illegal. The plaintiff is chargeable with knowledge of the By-Laws of the defendant town. As was said in Bartlett vs. Lowell, 201 Mass. 151 at 155, 4 4 The plaintiff was chargeable with knowledge of the power of the superintendent of streets. Of that there is no doubt.”
See in this contention Boston Electric Co. vs. City of Cambridge, 163 Mass. 64 at 68, where the court said,4 4 And the acceptance and use of the building by the city does not-bind it to pay for extra or unauthorized work done upon it, *5 though the same is beneficial.” See also Wormstead vs. City of Lynn, 184 Mass. 425.
The plaintiff is held to notice of the By-Laws of the defendant town. When he entered into an agreement of this nature, he took the risk that the entire transaction might be declared illegal as in conflict with the By-Laws of the defendant town.
The delivery of materials to a defendant when it is known that no contract exists is no ground for recovery of any kind. Pittsburgh Plate Glass Co. vs. MacDonald, 182 Mass. 593. Douglas vs. Lowell, 194 Mass. 268. Dolloff vs. Ayer, 162 Mass. 569.
In conclusion, we are of the opinion that the plaintiff proceeded at his peril under this illegal contract; that he is charged with knowledge of the By-Laws and therefore must stand or fall on his agreement. We, therefore, find that there was no error committed by the trial judge in his disposition of the plaintiff’s requests for rulings of law and the report is hereby ordered dismissed.